Leonard PHERO and Letitia Phero,
Plaintiffs,

v.

CITY OF PHILADELPHIA
and
General Asphalt Paving Company
and
Union Paving Company, Defendants.

GENERAL ASPHALT PAVING COMPA-
NY OF PHILADELPHIA, Third-
Party Plaintiff

v.

Leonard PHERO, Third-Party Defendant.

Civ. A. No. 27587.

United States District Court
E. D. Pennsylvania.

May 8, 1961.

Howard R. Detweiler, Philadelphia, Pa., for Phero.

Richard Masterson, City Sol., Philadelphia, Pa., for City of Philadelphia.

WELSH, Senior District Judge.

On May 8, 1958, an automobile, which was being operated by Leonard Phero, struck a manhole, which was protruding above the surface of Thirteenth Street at its intersection with Race Street, in Philadelphia, Pennsylvania.

This action by Leonard Phero and the wife-plaintiff, a passenger in the automobile, to recover damages arising from said accident was brought against the City of Philadelphia (the party statutorily charged with the duty to maintain the streets in a safe condition), General Asphalt Paving Company of Philadelphia and Union Paving Company (the parties repairing the said street at the time of plaintiffs' accident). The defendant, City of Philadelphia, served its answer to the complaint on or about February 11, 1960 and filed the instant motion for leave to join Leonard Phero as a third-party defendant on November 30, 1960.

Clearly, defendant failed to request the joinder within six months from the date of the service of its answer to the complaint as required by Local Rule 19 (a) of this Court; it is urged by defendant, however, that the circumstances of this case justify the suspension of the Rule. Those circumstances may be summarized as follows: (1) The joinder will avoid circuity of actions and will settle related matters so far as possible in one litigation. (2) The granting of the present motion will neither unduly hamper discovery proceedings nor delay the trial. (3) The motion for leave to join was filed only three and one-half months late. (4) Leonard Phero, the party that the

defendant, City of Philadelphia, seeks to join as a third-party defendant, has already been added as a third-party defendant by General Asphalt Paving Company, one of the other defendants.

In our judgment, the stated circumstances taken together so clearly constitute sufficient justification for suspension of Local Rule 19(a) that no discussion is required.

The motion of the defendant, City of Philadelphia, for leave to join Leonard Phero as a third-party defendant will accord'ngly be granted.