Laura B. GOODMAN
v.
Sidney L. NEFF et al.
v.
DIOTRON, INC., et al.
Civ. A. No. 34574.

United States District Court
E. D. Pennsylvania.
March 9, 1966.

See also 251 F.Supp. 565, and 251 F.Supp. 559.

Polis & Polis, Philadelphia, Pa., for plaintiff.

Martin A. Forman, Philadelphia, Pa., for Sidney L. Neff.

John G. Harkins, Jr., Philadelphia, Pa., for third-party defendants.

JOHN W. LORD, Jr., District Judge.

This is the second of a series of three motions concerning various aspects of this class action for rescission of certain sales of shares of the stock of Diotron, Inc. In the present motion, the moving parties are third-party defendants Morton S. Gorelick and Steinberg, Steinbrook, Lavine and Gorelick, Esquires (who point out in their motion that they were incorrectly designated in the third-party complaint as "Steinberg, *Steinberg,* Steinbrook, Levine and Gorelick"). They seek vacation of the order of March 16, 1965—which order granted leave to file the third-party complaint. They also seek dismissal of the third-party complaint as to themselves.

An order was filed in this Civil Action yesterday ("Motion No. 1"). It was mentioned therein that the defendant firm of Laird, Bissell & Meeds would thereafter be spoken of as Laird, and that the defendant (and third-party plaintiff) Sidney L. Neff (trading as Royer Securities Company) would be designated as Neff. Those same designations will herein be followed.

Motion No. 1, filed yesterday, concerned a somewhat different combination

of parties than does the present motion. The recitals of circumstances which follow will further show that the present motion—apart from the fact that some of the same parties are involved—has relatively little connection with Motion No. 1.

The original complaint in this non-jury action, filed on November 21, 1963, involved a claim under the Securities Act of 1933 by various stockholders of Diotron, Inc., arising out of an offering of that company's stock. The matters referred to in the complaint, including the stock offering, occurred in 1961. The offering was made through defendant Neff as underwriter and, according to the complaint, through Laird—alleged to be an undisclosed underwriter. Also named as defendants in that original complaint were the above-named third-party defendants, who are the moving parties herein, as well as others not concerned in the present motion.

On December 18, 1963, less than a month after the filing of the original complaint and before any answers had been filed, all defendants other than Neff and Laird were dismissed on motion of the plaintiff, without prejudice. At the hearing on that motion, defendant Neff was represented, and offered no objection thereto.

On February 4, 1964, an amended complaint was filed naming Neff and Laird as the only defendants. While various changes appeared in the amended complaint, its factual averments were essentially the same as those stated in the original complaint.

Defendant Neff answered the amended complaint, as did Laird—the other defendant. The action was thereupon listed for trial. In April of 1964, defendants Neff and Laird deposed the plaintiff, but no other action was taken by any party until September of 1964.

Then on September 16, 1964—more than six months after answering the amended complaint—defendant Neff filed a motion for leave to join various third-party defendants. Notice of the filing of this motion was not given to the third-party defendants before the hearing thereon, nor was any notice of the hearing and the resulting order given to the third-party defendants until months later, under the circumstances explained in the next paragraph. When on March 16, 1965, this Court, by order of Judge Higginbotham, granted defendant Neff's motion to join the third-party defendants, that order was entered *ex parte* as to the third parties.

Despite the fact that Judge Higginbotham entered his order on March 16, 1965, it seems clear that no attempt was made by defendant Neff to obtain service of the third-party complaint until late in July of 1965. Not until that point were the summons and third-party complaint delivered by his counsel to the Marshal for service, and it was not until August 10, 1965 that service was made on third-party defendant Gorelick at his home in this District. Since third-party defendant Gorelick is also a partner in the third-party defendant law firm of Steinberg, Steinbrook, Lavine and Gorelick, such service was conceded to be service on the law firm. This was the first time that either the law firm or Mr. Gorelick received notice of defendant Neff's attempt to join them as third-party defendants. The present motion to vacate the order of March 16, 1965 and to dismiss as to third-party defendants Morton S. Gorelick and Steinberg, Steinbrook, Lavine and Gorelick immediately followed.

It is clear that since this motion was filed, the only other third-party defendants upon whom service was made have been voluntarily dismissed by Neff, with prejudice, and without prior notice.

Two rules are decisive of this matter. The first is Rule 14, Fed.R.Civ.P., which requires leave of court to serve a third-party complaint if later than ten days after service of the answer of the third-party plaintiff. Whereas no leave is required within the ten day period, permission—which amounts to an exercise of the court's discretion—is required thereafter.

Under the local rule making power, this Court has adopted Local Rule of Civil Procedure 19(a), which provides that a motion for leave to join a third-party defendant "shall be made within six (6) months from the date of service of the moving defendant's answer to the complaint". While the local rule is mandatory in its terms, it has by no means been construed with such stringency.

The cases construing Local Rule 19 suggest that the factors to be considered in determining whether leave to join a third-party defendant shall be granted after six months are whether the defendant's delay is excusable, whether prejudice will result to the third-party defendant, and whether the trial of the principal action will be delayed or unduly complicated. The burden is obviously on defendant to justify his late application for leave to join a third-party. Raymond v. West Africa Navigation, Ltd., 3 F.R. Serv.2d 14a. 132, Case 1 (E.D.Pa.1960).

The third-party defendants have set forth in the present motion, and have argued persuasively, that they would be seriously prejudiced by now having to prepare a defense to the third-party complaint. In answering brief and argument, defendant and third party plaintiff Neff makes light of movants' claim of prejudice, and counters with citations of instances in which joinder has been permitted beyond the six month period.

Movants' reply brief has pointed out that few if any of the cited cases in any way support the propositions for which presented. It seems unnecessary to discuss all these cases, however, nor to analyze the third-party defendants' assertion of prejudice. For it appears to this Court that the plain meaning of the rule is that at least after the passage of six months, there is in the first instance no burden on the party-to-be-joined to show prejudice—whatever may be his burden within the six month period.

That position seems to follow from the cases. During the six months, and following the initial ten days, the practice in this District is to grant leave to file a third-party complaint, absent a strong showing why leave should not be granted. In effect, during the six month period, the burden of persuasion is on the party who would oppose the filing of the third-party complaint.

When the six months have elapsed, Local Rule 19(a) would seem, by its terms, to bar third-party complaints regardless of circumstances. As has been said, the cases have not construed it literally. The Rule is, however, interpreted to have the effect of placing the burden of justifying a tardy third-party complaint on the defendant who would file it. See, e. g. Graeff v. Borough of Rockledge, 35 F.R.D. 178 (E.D.Pa., Wood, J., 1964); Hammond v. Thornton, 33 F.R.D. 291 (E.D.Pa., Grim, J., 1963); Meilinger v. Metropolitan Edison Co., 34 F.R.D. 143 (E.D.Pa., Jos. S. Lord, III, J., 1963).

As Judge Body summarized it in Edwards v. United States, 223 F.Supp. 1017 (E.D.Pa.1963), this construction of the Rule makes it less of a "rule" than a guide, but still "an excellent guide to the exercise of [the Court's] discretion."

That last statement goes as far as this Court cares to go. But in the present case, the delinquent defendant argues that he needs no showing whatsoever as to why his tardy motion to join should be allowed. Furthermore, in the circumstances here present, defendant seems to claim that he has no duty to give notice of such motion to join to prospective third parties, no duty to bring it on for hearing expeditiously nor to act diligently in obtaining service of the complaint if allowed.

To relax the rule to that extent would simply be to repeal it—a move to which this Court does not intend to subscribe.

Accordingly, no valid reasons having been advanced to show why the provisions of Local Rule 19(a), mandatory in terms, should not be followed since the motion of defendant was filed out of time, this Court rules as follows.

And now, this 9th day of March, A.D. 1966, for all the foregoing reasons, the motion of Third-party defendants, Mor-

ton S. Gorelick and Steinberg, Steinbrook, Levine and Gorelick, to vacate the order of March 16, 1965 and dismiss the third-party complaint is granted and it is so ordered.