Irving **LEVINE** and Vivian Levine

v.

**CHRYSLER CORPORATION,** Defendant,

v.

Irving **LEVINE,** Third-Party Defendant.

**Civ. A. No. 69–1974.**

United States District Court, E. D. Pennsylvania.

Nov. 24, 1972.

---

Lawrence E. Hirsch, Meltzer & Schiffrin, Philadelphia, Pa., for plaintiffs.

Harry A. Short, Jr., Liebert, Short, Fitzpatrick & Lavin, Philadelphia, Pa., for defendant.

Daniel J. Ryan, Philadelphia, Pa., for third-party defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Presently before the Court is Defendant's Motion to Join a Third-Party Defendant. This is a products liability action filed on August 22, 1969. The defendant filed its answer to the complaint on September 18, 1969. The defendant filed its Motion to Join the Third-Party Defendant on November 1, 1972, three years and 43 days after it filed its answer. The Court must assume it took defendant, Chrysler Corporation, who is being sued for producing an automobile with a defective or inherently dangerous limited slip differential, three years to realize that the manufacturer of the differential should be joined.

The defendant avers that the joinder of the manufacturer will not delay the case which is to commence on April 18, 1973. The Court feels that this statement was made somewhat facetiously, since after three years and 43 days, the defendant is still not ready for trial, having filed motions to compel answers to its interrogatories on September 8, 1972.

Before the Court would allow joinder, we would have to be convinced that the joinder would not be prejudicial to the proposed third-party defendant. We are not so convinced in this case. The accident occurred on May 30, 1968. Dana Corporation, the proposed third-party defendant, would have to reconstruct the accident to its satisfaction before it could defend the case, or at least reconstruct the accident to a point where it would not be prejudiced at trial. We do not believe that after the passage of four and one-half years the Dana Corporation can reconstruct the accident to a point where it will not be prejudiced at trial. The policy of the Federal Courts generally and this Court in particular, with reference to third party practice and joinder thereunder, was succinctly and concisely set out by the late Chief Judge John W. Lord, Jr., in Thompson v. Phillips Equipment and Supply Co., 53 F.R. D. 91 (E.D.Pa., 1971). We will not attempt to embellish upon that fine opinion.