**Jay R. OBERHOLTZER et al.**

v.

**William W. SCRANTON et al.**

**Civ. A. Nos. 70-3310, 71-2769.**

United States District Court,
E. D. Pennsylvania.

March 14, 1973.

Theodore R. Mann, Barry E. Ungar, Mann & Ungar, Philadelphia, Pa., for plaintiffs.

Ernest R. VonStarck, Donald A. Scott, Morgan, Lewis & Bockius, Jan E. DuBois, Richard M. Jordan, White & Williams, Edward C. German, Joseph G. Manta, Edward R. Paul, LaBrum & Doak, Philadelphia, Pa., for third-party plaintiffs.

Henry W. Rhoads, Harrisburg, Pa., Walter L. Foulke, Drinker, Biddle & Reath, Joseph W. Swain, Jr., John S. Estey, Philadelphia, Pa., J. Shane Creamer, Harrisburg, Pa., Montgomery, McCracken, Walker & Rhoads, John B. Martin, James J. McCabe, Jr., Duane, Morris & Heckscher, Philadelphia, Pa., for third-party defendants.

OPINION AND ORDER

JOHN MORGAN DAVIS, District Judge.

On March 14, 1973 I signed an Order which allowed certain defendants (Scranton, Butera, Quigley, Ryan, James, Rigling, Bush, Shay & Weimer) to file a third-party action against Dauphin Deposit Trust Company (hereinafter "Dauphin"), Main LaFrentz & Company (hereinafter "LaFrentz"). Dechert, Price and Rhoads (hereinafter "Dechert") and Frederick R. Taylor, Esquire, (hereinafter "Taylor"). The third-party defendants did not oppose this procedure because this would allow them into the case and thereafter they could file a Motion to Vacate the Court's Order which allowed the third-party Complaints to be filed. On May 16, 1973 oral argument was heard on the third-party defendants' Motion to Vacate.

Before this Court reviews the legal contentions of the respective parties, it is necessary to give a brief factual background of this complex class action based upon the Securities Act of 1933, the Securities and Exchange Act of 1934, Rule 10b-5 (C.F.R. 240.10b-5) and also a derivative action based upon corporate waste.

On December 2, 1970 the plaintiffs filed their original Complaint in which the plaintiffs alleged that the prospectus of United Municipal Incinerator Corporation (hereinafter "UMIC") was misleading in that some defendants who were directors of UMIC and/or officers of UMIC had violated the aforementioned Acts and Rule 10b–5. On December 17, 1970 and December 30, 1970 two Complaints were filed in the Middle District of Pennsylvania and were transferred to this Court on November 16, 1971 as C.A. No. 71–2768 and C.A. No. 71–2769 for the purpose of consolidation with the original Complaint.

Answers to the original Complaint were filed by the following defendants: Rigling (January 12, 1971–Docket No. 4); Scranton (February 12, 1971–Docket No. 23); Traux (March 1, 1971–Docket No. 31); Butera (March 5, 1971–Docket No. 33) and Shay (April 19, 1971–Docket No. 38). No Answers were filed by Quigley, Ryan, Jones, Bush and Weimer to the original Complaint.

On April 26, 1971 the plaintiffs filed an Amended Complaint (Docket No. 40) in which they stated, in more detail, the alleged false representations made by the defendants. The basic allegation of a misleading prospectus was still the main contention of the plaintiffs. All of the defendants who were named in the original Complaint were named in the Amended Complaint without any additional defendants.

Answers to the Amended Complaint were filed by the following defendants: Scranton (May 10, 1971-Docket No. 42); Rigling (May 12, 1971-Docket No. 45); Butera (May 17, 1971-Docket No. 48); Ryan (June 21, 1971-Docket No. 51); Bush (January 4, 1972-Docket No. 72) and Weimer (January 6, 1972-Docket No. 74). No Answers to the Amended Complaint were filed by any other of the moving defendants.

On December 19, 1972 a Consolidated Amended Complaint was filed (Docket No. 131). The allegations in the Consolidated Amended Complaint present the same issues that were raised in the Complaint and Amended Complaint; to wit: violation of the security laws with respect to the offering of UMIC stock.

Answers to the Consolidated Amended Complaint were filed by all nine of the defendants (February 26, 1973-Docket Nos. 147, 149 to 154) who were allowed to file third-party Complaints on March 14, 1973.

In addition to the aforementioned chronology of events, discovery began in January 1971 by the original parties with plaintiffs finishing their discovery by December 20, 1972 (Pretrial Order No. 1-Docket No. 130) and defendants and third-party defendants completing their discovery by June 1, 1973 (Pretrial Order No. 6-Docket No. 213). Pretrial statements are due to be filed by the plaintiffs on June 1, 1973 and by the defendants on August 3, 1973. Proposed final Pretrial Orders and Statements are due from the plaintiffs on August 17, 1973 and from the defendants on August 24, 1973. On September 7, 1973 a final pretrial conference will be held so that there can be a trial in the early Fall of 1973.

The third-party defendants contend that Rule 14(a) of the Federal Rules of Civil Procedure (hereinafter "F.R.Civ. P.") and Rule 24(a) of the Local Rules of Civil Procedure, formerly Local Rule 19(a), preclude the filing of the third-party Complaints. Local Rule 24(a) provides:

(a). A motion by a defendant for leave to bring in a third-party defendant under F.R.Civ.P. 14(a) shall be made within six (6) months from the date of service of the moving defendant's answer to the complaint.

The third-party plaintiffs claim that the motion to file the third-party Complaints were timely since they were served simultaneously with the Answers to the Consolidated Amended Complaint. Moreover, they assert that the Consoli-

dated Amended Complaint brought out a great amount of new factual allegations that were not in the original or Amended Complaint.

Fortunately, the law in this district is well settled in bringing in third-party complaints under Local Rule 24(a). The late Chief Judge John W. Lord, Jr. in Goodman v. Neff, 251 F.Supp. 562, 564 (E.D.Pa.1966) succinctly stated:

. . . While the local rule is mandatory in its terms [joinder within six months from date of service of moving defendant's answer], it has by no means been construed with such stringency.

The cases construing Local Rule 19 suggest that the factors to be considered in determining whether leave to join a third-party defendant shall be granted after six months are whether the defendant's delay is excusable, whether prejudice will result to the third-party defendant, and whether the trial of the principal action will be delayed or unduly complicated. The burden is obviously on defendant to justify his late application for leave to join a third-party. Raymond v. West Africa Navigation, Ltd., 3 F.R.Serv.2d 14a. 132, Case 1 (E.D.Pa.1960).

See McLouth Steel Corp. v. Mesta Machine Co. 116 F.Supp. 689 (E.D.Pa. 1953), aff'd 214 F.2d 608 (3rd Cir.), cert. denied. Hartford Acc. & Indemnity Co. v. Foster, 348 U.S. 873, 75 S.Ct. 109, 99 L.Ed. 687 (1954); Levine v. Chrysler Corp. v. Levine, 57 F.R.D. 211 (E.D.Pa.1972); Thompson v. Phillips Equipment and Supply Co., 53 F.R.D. 91 (E.D.Pa.1971); Carter v. Anika Mfg. Co., 321 F.Supp. 197 (E.D.Pa.1971); Johnson v. Maritime Overseas Corp. et al. v. Atlantic Port Contractors, Inc. et al., C.A. No. 68–206 (E.D.Pa. 1971); Turner v. Jones, 42 F.R.D. 38 (E.D.Pa. 1966); Gilpin v. Abraham, 231 F.Supp. 511 (E.D.Pa.1964); Graeff v. Borough of Rockledge, 35 F.R.D. 178 (E.D.Pa. 1964); Hammond v. Thornton, 33 F.R.

D. 291 (E.D.Pa.1963) and Phero v. City of Philadelphia, 197 F.Supp. 736 (E.D. Pa.1961).

■ At the outset, third-party plaintiffs assert that they have filed their motions for joinder within six months from the time that they filed their Answers to the Consolidated Amended Complaint and that this factor, standing alone, would be enough for them to meet the requirements of Local Rule 24(a). There have been no interpretations as to when the six months begins to run. That is, does it begin after each time and Amended Complaint is filed or does it relate back to the time when the original Complaint was filed?

■ Under the circumstances of this case, it would begin at the time of the original Complaint. The reason for this approach is apparent: the original Complaint laid the groundwork for the suit because of the alleged misconduct of the defendants with respect to the prospectus that was issued for the UMIC stock. The Amended Complaint and the Consolidated Amended Complaint merely amplified the original Complaint; they did not, as the defendants propose, create new theories of liability. It is for this reason that the Court holds, under the factors in this case, that the six month time period for joining third-party defendants began to run at the time of service of the moving defendant's Answer to the original Complaint. With this thought in mind, this Court will apply the factors which Judge Lord pronounced in *Goodman, supra,* in order to determine whether or not the Order of this Court which allowed the joinder of the third-party defendants should at this point be vacated.

Before the Court considers the factors in *Goodman, supra,* it is necessary to give a brief background of the theories of liability that the third-party plaintiffs have put forth in their Complaints against the various third-party defendants. Dauphin served as transfer agent for UMIC. In paragraph six (6)

of the third-party Complaint against Dauphin, the moving defendants assert that Dauphin failed to perform its duties as a transfer agent because certain shares of UMIC were transferred to non-residents of Pennsylvania. Dechert's liability under the third-party plaintiff's Complaint is based upon legal advice given by Taylor & Dechert to the third-party plaintiffs during the preparation of the prospectus and public offering of UMIC's stock. LaFrentz's liability is predicated upon their opinion as accountants relative to certain balance sheets which appeared in the prospectus of UMIC.

The first factor in *Goodman, supra,* is: Is there excusable neglect for failure to join the third-party defendants by the moving defendants? It is critical to this decision to look at the positions of the moving parties as they were the directors and/or officers of UMIC. People in these positions are the ones who make the decisions based upon advice from outside sources. Here, the outside sources were a law firm, an accounting firm and a bank which acted as a transfer agent. People who are in this position know what the problems are in a case such as the one at bar, and more importantly, they knew exactly what people gave them advice or performed services for the corporation. To say that the defendants only became aware of the legal advice that was given to them by Taylor and Dechert when the Consolidated Amended Complaint was filed would be analogous to saying that Ralph Branca of the Brooklyn Dodgers became aware of Bobby Thompson's home run when he read about it in the newspapers. The same can be said about LaFrentz and Dauphin because in LaFrentz's case, their name appeared in the prospectus of UMIC and in Dauphin's case nothing can be more apparent to a corporation than who its transfer agent is. The defendants have not met their burden in convincing this Court that the delay was excusable.

The second factor to consider is: Whether prejudice will result to the third-party plaintiffs. The Courts are thankful that there are not many cases such as the one before it because if the public thought that there was a backlog of cases now, then if this were the normal case, the present backlog would seem like plaintiff's counsel running to the Courthouse to file his Complaint on the day the Statute of Limitations would toll. The third-party defendants would need such speed to sift through and analyze the various pleadings that were and are involved in this suit. Beside the consolidation of the two cases from the Middle District of Pennsylvania (the plaintiffs did dismiss one of the Middle District cases), there is an intervening Reorganization of Scienscope, Inc. before Judge VanArtsdalen of this Court. There have been numerous depositions which have been taken. The defendants did state that they would make these depositions available for the third-party defendants; however, as any trial attorney knows, reading a deposition is not a substitute for observing the deponent. Also, interrogatories have been submitted and answered. There have been many pretrial conferences in which the third-party defendants have not been present. Hopefully, the trial should be held sometime in the early Fall of 1973.

Counsel for the plaintiffs stated at oral argument that they would not be opposed to the joinder with one caveat—that discovery by the third-party defendants would be completed within two and one half months. The plaintiffs did complete most of their discovery within the two and one half month time period, but they did a good amount of discovery before the Court set up a schedule.

The defendants under Pretrial Order No. 1 (December 14, 1972-Docket No. 130) were originally given until March 15, 1973 to complete their discovery, but this was extended to June 1, 1973. The Court realizes the reasons why defendants have not completed their discovery

by the March 15th date. It is foreseeable that even if the Court ordered that discovery would have to be completed by July 31, 1973 counsel for third-party defendants would not be able to meet this deadline. The history of this case is replete with extensions of time. This is not meant, in any sense, as an indication that the Court is not appreciative of counsel's efforts to move the case; this is meant to show only that this is a very complicated case with problems that must be expected in a case of this nature.

The third factor is: Will the principal action be delayed or unduly complicated? The Court has addressed itself to the first part of this issue in respect to the delay of the principal action. The principal action is based upon alleged misrepresentations in the prospectus of UMIC with crossclaims. The third-party action is based upon advice given by LaFrentz and Dechert to the moving defendants and the interstate transfer by Dauphin. The theories of liability are different in the third-party action. It is difficult enough for people who are learned in the law to understand and follow this case, but to ask twelve jurors to follow the main action along with the third-party action would almost be impossible.

The moving defendants have not met their burden to justify their late application in joining the third-party defendants, *Raymond, supra.* When people, such as the moving defendants, have knowledge of what transpired and then claim that they only found out about the alleged occurrences through the Consolidated Amended Complaint, the burden is a great one for them to overcome. Unfortunately, for the moving defendants, they have not met that burden.

It must be kept in mind that the Court's Order is limited to and does not extend beyond the Motion to Vacate the Order of this Court dated March 14, 1973. This does not preclude the defendants from taking any action that is consistent with the Order of this Court.

The Court would want to extend its own caveat to all parties to this action, including the third-party defendants. Settlement negotiations have been held in the past with the strong approval of the Court. Notwithstanding the defense which the third-party defendants have raised in their Motion to Vacate, the Court strongly recommends that counsel for the third-party defendants maintain their contacts with the other counsel involved in the action working toward settlement. Perhaps, by maintaining this liaison, all parties and possible parties may be able to resolve the problem rather than going through a lengthy and costly trial.

## ORDER

And now, this 23rd day of May, 1973, it is hereby ordered that the Motion of Third-Party Defendants Dauphin Deposit Trust Company, Main LaFrentz & Company and Dechert, Price and Rhoads to Vacate the Order of this Court dated March 14, 1973 is granted.

It is further ordered that the Third-Party Complaints against the aforementioned parties are dismissed without prejudice.

It is finally ordered, pursuant to and consistent with the Opinion of this Court, that the Third-Party defendants' Motion for a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure is granted as follows:

1. All discovery which relates to the Third-Party Complaints shall not be allowed to continue in this action.

2. All discovery which relates to the Complaint, Amended Complaint and Consolidated Amended Complaint shall go forth as long as the discovery is consistent with the Federal Rules of Civil Procedure and Pretrial Orders of this Court.