Chester **KUBIK** et al., Plaintiffs,

v.

Morton **GOLDFIELD** and Albert Teller & Co., Inc., Defendants.

**ALBERT TELLER & CO., INC.**, Third-Party Plaintiff,

v.

**DREYFUS & CO.**, Third-Party Defendant.

**Civ. A. No. 68–2036.**

United States District Court, E. D. Pennsylvania.

Feb. 8, 1974.

Allan M. Dabrow, Shein, Mele & Brookman, Philadelphia, Pa., for plaintiffs.

Morton Goldfield, pro se.

Thomas J. Renehan, Jr., Fred C. Aldridge, Jr., Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for defendant Teller & Co., Inc.

David Pittinsky, Dilworth, Paxson, Kalish, Levy & Coleman, Philadelphia, Pa., for third-party defendant Dreyfus & Co.

## OPINION

JOHN MORGAN DAVIS, District Judge.

This is a securities case in which one of the defendants, Albert Teller & Co. Inc., moved to join Dreyfus & Co. as a third party defendant. This motion was made on July 26, 1973 more than four years and nine months after defendant Teller filed its answer to plaintiffs' complaint. The motion was granted in this Court's Order of August 23, 1973. Dreyfus was served with this third party complaint on September 11, 1973 nearly five years after Teller served its answer to plaintiffs. Now Dreyfus has moved this Court to vacate its Order of August 23, 1973, joining Dreyfus as a third party defendant, or in the alternative, to dismiss the third party complaint. Dreyfus argues that the Court should vacate its Order of August 23, because (1) the delay of Teller was dilatory and not excusable, and (2) Dreyfus was prejudiced by the delay. Dreyfus argues that the Court should dismiss the third party complaint because it fails to state a claim upon which relief can be granted. The motion to vacate involves Federal Rule of Civil Procedure 14(a) and Local Rule 24(a), and the motion to dismiss involves Federal Rule of Civil Procedure 12(b)(6).

Rule 14(a) of the Federal Rules of Civil Procedure provides inpertinent part:

The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action.

Rule 24(a) of the Local Rules of Civil Procedure provides:

(a) A motion by a defendant for leave to bring in a third-party defendant under F.R.Civ.P. 14(a) shall be made within six (6) months from the date of service of the moving defendant's answer to the complaint.

In the present case, it is clear that defendant's motion for leave to bring in a third party defendant was made far beyond the six month time limit allowed by the rules.

The law in this district is well settled with regard to bringing third-party Complaints after passage of the time prescribed in Local Rule 24(a). In Goodman v. Neff, 251 F.Supp. 562 (E.D.Pa.1966), the late Chief Judge John W. Lord, Jr., stated at p. 564:

. . . . While the local rule is mandatory in its terms [joinder within six months from the date of service of moving defendant's answer], it has by no means been construed with such stringency.

The cases construing Local Rule 19 [now Local Rule 24] suggest that the factors to be considered in determining whether leave to join a third-party defendant shall be granted after six months are whether the defendant's delay is excusable, whether prejudice will result to the third-party defendant, and whether the trial of the principal action will be delayed or unduly complicated. The burden is obviously on defendant to justify his late application for leave to join a third-party.

. . . . .

This Court recently adopted the aforementioned language of Chief Judge Lord in our opinion in the case of Oberholtzer v. Scranton, 59 F.R.D. 572 (E.D.Pa. 1973).

For cases denying joinder, see Levine v. Chrysler Corp., 57 F.R.D. 211 (E.D.

Pa.1972, per Newcomer, J.) (Joinder denied where a defendant waited three years and 43 days); Thompson v. Phillips Equipment & Supply Co., 53 F.R.D. 91 (E.D.Pa.1971, per late John W. Lord, Jr., C. J. (Motion to strike joinder granted where a defendant waited nearly 19 months); Goodman v. Neff, *supra* (Motion to vacate joinder granted where defendant waited more than six months); Meilinger v. Metropolitan Edison Co., 34 F.R.D. 143 (E.D.Pa.1963, per Joseph S. Lord, III, C. J.) (Joinder denied where defendant waited more than 34 months).

For cases permitting joinder, see Carter v. Anika Mfg. Corp., 321 F.Supp. 197 (E.D.Pa.1971, per late Wood, J.) (Motion to vacate joinder denied where defendant waited approximately one year); Gilpin v. Abraham, 231 F.Supp. 511 (E.D.Pa.1964, per late Body, J.) (Joinder granted where defendant waited almost one year).

In the present case, the defendant has not met his burden of justifying an application for leave to join a third-party defendant nearly five years after the original complaint was filed. Therefore we need not consider Dreyfus's alternative Motion to Dismiss under Rule 12(b)(6).