**Mary MUTH et al., Plaintiffs,**

v.

**DECHERT, PRICE & RHOADS et al., Defendants and Third-Party Plaintiffs,**

v.

**George I. BLOOM et al., Third-Party Defendants.**

No. 74–1931.

United States District Court, E. D. Pennsylvania.

March 3, 1976.

Theodore R. Mann, Barry E. Ungar, Philadelphia, Pa., for plaintiffs.

John B. Martin, James M. Peck, Duane, Morris & Heckscher, Philadelphia, Pa., for defendant Dechert Price & Rhoads.

Joseph W. Swain, Jr., T. Michael Mather, Philadelphia, Pa., for defendant Main, La Frentz & Co.

Dudley Hughes, Philadelphia, Pa., for defendant Frederick R. Taylor.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, Senior District Judge.

Plaintiffs in this securities fraud case have moved for class action certification under F.R.Civ.P. 23(a) and (b)(3). The proposed class is identified as follows:

"... All those persons who purchased UMIC shares from February 11, 1969 to December 2, 1970, except these defendants and defendants in the related case of *Oberholtzer, et al v. Scranton, et al.,* Civil Action No. 70–3310, and any person who acquired the shares of the defendants in this or the related action."

As in the aforementioned companion case of *Oberholtzer v. Scranton,* 59 F.R.D. 572, which is presently pending before this Court, plaintiffs here have pleaded causes of action based on alleged violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10(b)–5 promulgated thereunder, and common law fraud, in connection with the sale of stock in United Municipal Incinerator Corp. (UMIC), subsequently known as Scienscope, Inc. The time parameters of class membership are set by the date of the initial public offering of UMIC shares and the date of the commencement of the *Oberholtzer* action.

We have previously certified *Oberholtzer* as a class action. The instant suit is virtually identical to the *Oberholtzer* action, and it is based on precisely the same facts. The *Muth* plaintiffs here were all plaintiffs in *Oberholtzer* as well. Thus, in the absence of any change in circumstances with regard to the status of the class since our prior ruling in *Oberholtzer,* we would not hesitate to certify the class action here. Each of the defendants in this action have asserted several arguments in opposition to the motion for class action determination which require some discussion, although for the reasons set forth below, we have concluded the motion should be granted.[1]

Rule 23(a) of the Federal Rules of Civil Procedure permits maintenance of an action as a class action when:

"(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the

---

1. It is, of course, true that the plaintiffs have the burden of satisfying all of the requirements of Rule 23. *Albertsons, Inc. v. Amalgamated Sugar Company,* 503 F.2d 459 (10th Cir. 1974); *Greenfield v. Villager Industries, Inc.,* 483 F.2d 824 (3d Cir. 1973). However, in view of the close relationship between the two actions, it will be helpful, for purposes of analysis, to regard the various objections of the defendants as stating reasons why the Court, unlike it concluded in *Oberholtzer,* should not allow this action to be maintained as a class action.

claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

Each of these several requirements must be met. However, rather than deal with each of the enumerated parts separately, we prefer to adopt a functional approach according to the objections that the defendants have raised.

The first major argument put forth by defendants Dechert and Main La Frentz arises out of the nexus between this and the *Oberholtzer* action. A settlement was reached with some of the original defendants in *Oberholtzer*, and as part of the agreement, plaintiffs agreed to indemnify the settling parties against further liability. Defendants here have joined, in third-party actions, all of the original *Oberholtzer* defendants, including those who have settled. Their contention, in opposition to this motion, is that by virtue of this prior indemnification agreement, the named plaintiffs, or their counsel, have a conflict of interest that will prevent their unfettered handling of this case consistent with the interests of all members of the proposed class.[2]

Initially, as other courts have done, we note that "it is always rather anomalous that the defendants should concern themselves with the adequacy of plaintiff's representation of the class." *Fox v. Prudent Resources Trust,* 69 F.R.D. 74, at p. 79 (E.D.Pa.1975); see also, *Umbriac v. American Snacks, Inc.,* 388 F.Supp. 265, 275 (E.D.Pa.1975). Nonetheless, in the context of Rule 23, defendants suggest that this asserted conflict of interest is in contravention of the standards embodied in subsection (a)(4), and in a more peripheral sense, significant to our findings under subsection (b)(3). We believe neither point is of merit. We are not at all persuaded that there is any conflict of interest here, and even if

one potentially exists, it is in no way ripe for resolution at this juncture by way of denying class certification.

The essential point that the defendants seem to miss is that the indemnification agreement affects the whole class and would so affect any named representative or any counsel engaged. Those cases in which the courts have carefully scrutinized a proposed representative and his attorney for potentially conflicting or antagonistic interests which might compromise their fair and adequate representation of the class[3] have all involved situations where a conflict was seen between the named parties and other members of the class, or between various sub-classes, or between counsel and the proposed class. Such is not the case in the instant action.

In our view, the circumstance of the indemnification agreement does not affect our preliminary determination of whether or not a class action may be maintained. We are not called upon to make inquiry into the substantive issues or even to consider, beyond the requirements of subsection (b)(3), all possible developments in the course of subsequent proceedings in this case. See, *Umbriac v. American Snacks, Inc.* supra, 383 F.Supp. at 273; *Dorfman v. First Boston Corporation,* 62 F.R.D. 466 (E.D.Pa.1974). Even assuming that some problems may later arise because of the indemnification provisions, they would not render the action unmanageable. At this stage, however, all the Court need be concerned with is that the requirements of Rule 23 are met. *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

The essential mandate of subsection (a)(4) "comprises only two elements: (a) that the interests of the representative par-

---

**2.** In fact, a former associate of plaintiffs' counsel now represents some of the settling defendants as third-party defendants in this action, but this in no way reflects adversely on plaintiffs' counsel.

**3.** Those cited by defendants include *Richardson v. Hamilton International Corp.,* 62 F.R.D. 413 (E.D.Pa.1974); *duPont v. Wyly,* 61 F.R.D. 615

(D.Del.1973); *Hawk Industries, Inc. v. Bausch & Lomb, Inc.,* 59 F.R.D. 619 (S.D.N.Y.1973); *Ruggiero v. American Bioculture, Inc.,* 56 F.R.D. 93 (S.D.N.Y.1972); *Minersville Coal Co. v. Anthracite Export Association,* 55 F.R.D. 426 (M.D.Pa.1971); *John Doe v. A Corp.,* 330 F.Supp. 1352 (S.D.N.Y.1971).

ty must coincide with those of the class; and (b) that the representative party and his attorney can be expected to prosecute the action vigorously." *Mersay v. First Republic Corp. of America,* 43 F.R.D. 465, 469 (S.D.N.Y.1968); *Dolgow v. Anderson,* 43 F.R.D. 472 (E.D.N.Y.1968); 3B Moore's Federal Practice § 23.07[1]. Aside from the claimed potential conflict arising out of the settlement of the prior action, defendants offer nothing to suggest that these standards are not fulfilled. In fact, every indication is to the contrary. The named party plaintiffs have exactly the same interests as all other members of the proposed class and all are equally affected by the indemnification agreements. They and their counsel have amply demonstrated that they will vigorously pursue this action and will fairly and adequately protect the interests of the class herein.[4]

Defendants argue that the indemnification relationship and "the inherent conflict of interest" once revealed, will cause a wholesale opting out by dissatisfied members of the class, with the result that class action treatment will no longer be "superior to other available means of adjudication." F.R.Civ.P. 23(b)(3). At best, however, at this point, such a consequence is wholly speculative and provides no sound basis for foreclosing the class action. The Court has ample power and discretionary procedures available to deal with this eventuality should it arise. Cf. F.R.Civ.P. 23(c)(1) and (c)(4); 23(d).[5]

As a further reason why plaintiffs assertedly cannot adequately represent the interests of the class, defendant Main La Frentz contends that plaintiffs' claim against it will be impeached by reason of the decision not to sue Main La Frentz in the *Oberholtzer* action. It is argued, therefore, that this will present a substantial impediment to the success of their claims and will mean that these plaintiffs cannot fairly and adequately represent those other members of the class whose claims against Main La Frentz will not be so affected. Of course, this argument assumes a fact which plaintiffs do not concede, that is, that they did at one time decide that this defendant had no liability. Even if this were true, the prior judgment would affect the whole class. It would in no way serve to disqualify the named plaintiffs; it would affect any representative of the class in the same way. Thus, as with the matter of the indemnification agreement, plaintiffs can adequately represent the interests of the class since their positions in this regard are coterminous.

█ More important is the fact that such issues are not material to the question whether a class action may be maintained. There is no basis at this time to inquire into the merits of the claims of the named plaintiffs or the cause of action in general. *Eisen v. Carlisle & Jacquelin,* supra 417 U.S. at 177–178, 94 S.Ct. at 2152, 40 L.Ed.2d at 748–749; *Kahan v. Rosenstiel,* 424 F.2d 161, 169 (3d Cir. 1970) cert. denied 398 U.S. 950,

---

**4.** Indeed, we need not rely on future expectations in this case when we have the benefit of actual experience to go by. The named plaintiffs here were also plaintiffs in the related *Oberholtzer* action; likewise, their counsel also served as counsel to the class therein, and ably so. At the time of the partial settlements in *Oberholtzer,* the class was advised of the commencement of the instant case. (See, Notice to the Class, approved by our Order of July 3, 1974). To date, on the basis of all information available to the Court, all members of the class have been extremely satisfied with the handling of the matter. (See, e. g. N.T. 7/29/74 at pp. 6–7, 46).

**5.** As Professor Moore has noted:

"Arrayed against these potential difficulties in management is the whole panoply of discre-

tionary powers authorized by subdivision (d), and the further administrative control which may be exercised under subdivision (c). Through his authority to define the class and to divide that into subclasses, or to grant class treatment for separable aspects of the litigation, the judge may obviate possible conflicts.

. . .

"Significantly, subdivision (c)(1) provides that "[a]n order under this subdivision may be conditional, and may be altered or amended before the decision on the merits"; thus the judge is not obliged to prophesy with total accuracy from the outset, but may alter his ruling on class treatment if difficulties are unearthed as the action develops." 3B Moore's Federal Practice § 23.45[4.–4] at p. 23–892.

90 S.Ct. 1870, 26 L.Ed.2d 290 (1970); *B & B Investment Club v. Kleinerts, Inc.,* 62 F.R.D. 140, 144 (E.D.Pa.1974). If anything, the concerns defendant expresses go to the likelihood of recovery by the plaintiffs, not the procedural prerequisites of Rule 23, and thus are irrelevant to our ruling here.

Defendants second basic argument is that plaintiffs' motion for class action determination is untimely. They cite our Local Rule 45(c)[6] and urge that because of the failure to file the motion within the period prescribed by the rule, class certification should be denied. In fact, there is no dispute that the motion was not presented until nearly eleven months after the filing of the complaint. But defendants have cited no authority or cases in which class action status has been rejected *solely* for failure to timely seek certification. We know of none and will not for that reason alone deny the motion in this case. Cf. 7A Wright & Miller § 1785 (1975 Supp.)

Local Rule 45(c) is a derivative of Rule 23(c)(1) and was designed to implement the requirement of that Rule that "as soon as practicable after the commencement of an action as a class action, the court shall determine . . . whether it is to be so maintained." F.R.Civ.P. 23(c)(1). A prompt determination is essential, and in the interests of all parties to the action.[7] It is clear, however, that the untimeliness of the class action motion, in and of itself, will not justify denying class status to the action. *Souza v. Scalone,* 64 F.R.D. 654 (N.D. Cal.1974); *Gilinsky v. Columbia University,*

62 F.R.D. 178 (S.D.N.Y.1974); *Sheriden v. Liquor Salesmen's Union, Local 2,* 60 F.R.D. 48 (S.D.N.Y.1973); *Feder v. Harrington,* 52 F.R.D. 178 (S.D.N.Y.1970); 7A Wright & Miller § 1785. Those cases which defendants have cited[8] as expressing a contrary rule are distinguishable. In each, the respective court found additional factors that compelled the denial of the class action, most often on the basis that the untimeliness of the certification request was indicative of the inability of plaintiff's counsel to adequately represent the interests of the class. Cf. F.R.Civ.P. 23(a)(4). In the instant case, no such factors are present. We have no doubt that plaintiffs' counsel here, as they demonstrated as counsel for the class in the related *Oberholtzer* action, will diligently and effectively pursue this action.

Moreover, there is no reason to deny class certification in the absence of any showing of prejudice to the defendants or to members of the class. Plaintiffs' class action allegations were clearly set forth in their original complaint. Prior to the submission of this motion, all parties, and the Court, were well aware of the class action nature of this suit.[9] If defendants held any contrary notions or feared possible adverse effects, they could well have sought the determination of the class action issue themselves under Rule 23(c)(1). See, *Boring v. Medusa Portland Cement Co.,* 63 F.R.D. 78 (M.D.Pa.1974); 7A Wright & Miller § 1785, and cases cited therein.

On the whole, therefore, in light of the specific circumstances in this case, we re-

---

**6.** Local Rule 45(c) provides in part:

"Within 90 days after the filing of a complaint in a class action, unless this period is extended on motion for good cause appearing, the plaintiff shall move for a determination under subdivision (c)(1) of Rule 23, F.R. Civ.P., as to whether the case is to be maintained as a class action."

**7.** The policies embodied in these rules were recently analyzed in *Katz v. Carte Blanche Corporation,* en banc, 496 F.2d 747 (3d Cir. 1974).

**8.** *Walker v. Columbia University,* 62 F.R.D. 63 (S.D.N.Y.1973); *Adise v. Mather,* 56 F.R.D. 492 (D.Colo.1972); *Herbst v. Able,* 45 F.R.D. 451 (S.D.N.Y.1968).

The one case *(Adise v. Mather)* that did not focus on adequacy of representation denied the motion because of delays in pre-trial proceedings and the prospect of a far-distant trial. The action before us is proceeding well through pre-trial matters toward a definite trial date, in accordance with the Court's Order.

**9.** This is particularly true in light of the close relationship between the *Muth* and *Oberholtzer* actions. Indeed, all three of the present defendants were at one time joined as third-party defendants in *Oberholtzer,* although the complaints were subsequently dismissed. The class was informally notified of this action through the class notice at the time of the *Oberholtzer* settlements. (See, footnote 4, ante).

gard it as inappropriate to deny class status to this action on the basis of the failure to comply with Local Rule 45(c) alone, particularly where all of the other prerequisites for class certification are met. Cf. *Bing v. Roadway Express, Inc.,* 485 F.2d 441 (5th Cir. 1973); *Castro v. Beecher,* 459 F.2d 725 (1st Cir. 1972). ·

Defendants final major argument against class certification raises a series of related objections which, in essence, assert that the named plaintiffs are not truly representative of the class. The basic thrust of these contentions, as we see it, is that plaintiffs claims are not typical or co-extensive with those of other members of the class (Rule 23(a)(3)); that, accordingly, they cannot fairly and adequately represent the interests of the class (Rule 23(a)(4)); and that, therefore, there is lacking a sufficient predominance of common questions which will render the maintenance of a class action ineffective. (Rule 23(a)(2) and (b)(3)).

Factually, defendants contend that the claims presented by the named plaintiffs are necessarily different from those of all other class members who purchased their shares other than during the initial public offering. It is argued that they are unlike those of others who purchased or sold shares at later times, or as a result of subsequent alleged conduct or communications by the defendants, or others who may have relied on different alleged statements or omissions than did these plaintiffs. According to the defendants, ·these matters will present substantial individual questions as to which plaintiffs cannot be adequate representatives. We disagree. Even to the extent that such individual issues may arise, they are insufficient to preclude plaintiffs from meeting the requirements of Rule 23.

■ The short answer to these and similar arguments is that they were all put forth in *Oberholtzer* and therein found to

be without merit. Our conclusion now is no different, and it is supported by the weight of authority. The core allegation of plaintiffs' complaint is that these defendants, individually and as co-conspirators, aided and abetted the various defendants in the *Oberholtzer* action and engaged in a common course of conduct which lead to the fraud allegedly perpetrated on this class of securities investors. All members of the class share a common interest in proving this central claim and in establishing that the alleged statements and omissions by the defendants were materially false and/or misleading. *Dorfman v. First Boston Corporation,* 62 F.R.D. 466, 474 (E.D.Pa.1974). In this, at least, plaintiffs are clearly adequate representatives of the class. Furthermore, it is this crucial core allegation of a common course of conduct that yields predominant common questions in this case sufficient to allow the maintenance of a class action. See, *In re Penn Central Securities Litigation,* 347 F.Supp. 1327 (E.D.Pa. 1972), aff'd 494 F.2d 528 (3d Cir. 1974); *Dorfman v. First Boston Corporation,* supra; *Entin v. Barg,* 60 F.R.D. 108 (E.D.Pa. 1973); *Siegel v. Realty Equities Corp. of New York,* 54 F.R.D. 420 (S.D.N.Y.1972); *Fisher v. Kletz,* 41 F.R.D. 377 (S.D.N.Y. 1966). Questions of reliance are simply irrelevant to the class action determination.[10] *Dorfman v. First Boston Corporation,* supra, 62 F.R.D. at 474; *B & B Investment Club v. Kleinert's, Inc.* supra, 62 F.R.D. at 145; see, also, *Affiliated Ute Citizens of Utah v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972); *Rochez Bros., Inc. v. Rhoades,* 491 F.2d 402 (3d Cir. 1974); *Landy v. Federal Deposit Insurance Corp.,* 486 F.2d 139 (3d Cir. 1973), cert. denied 416 U.S. 960, 94 S.Ct. 1979, 40 L.Ed.2d 312 (1974); *Kohn v. American Metal Climax, Inc.,* 458 F.2d 255 (3d Cir. 1972), cert. denied 409 U.S. 874, 93 S.Ct. 120, 34 L.Ed.2d 126 (1972); *Kahan v. Rosenstiel,*

**10.** We do not decide here that reliance is not an element of liability in this case. We only emphasize that even if it is, it does not foreclose class action treatment of the substantial common questions involved. If it is necessary, proof of reliance can be dealt with in individual hearings without obviating the benefits to be derived by treating this as a class action. (See, *Green v. Wolf Corp.,* 406 F.2d 291 (2d Cir. 1968), cert. denied 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969); and footnote 13, post).

supra; *Dorfman v. First Boston Corporation,* supra.[11]

Finally, defendants Dechert and Taylor [12] argue that plaintiffs are not members of the class they seek to represent in that, as to them, plaintiffs lack standing to assert an individual cause of action and thus cannot adequately represent the class. Defendants allege that neither was involved in the UMIC stock offering until after the plaintiffs purchased their shares.

In many respects, it seems, this is merely the converse of the arguments with regard to reliance. The assertion is that plaintiffs cannot represent the class against these defendants since they could have relied on nothing that either Dechert or Taylor did. But, as already noted, plaintiffs seek to prove a conspiracy on the part of all of the defendants which resulted in a common fraud against all UMIC investors. As to the common issues thus involved, plaintiffs are indeed members of the class they would represent.[13]

In the end, as in the prior *Oberholtzer* action, the Court is satisfied that plaintiffs have established all of the prerequisites for maintaining a class action under Rule 23(a) and (b)(3), and that allowing this case to proceed as such is the best method to achieve a "fair and efficient adjudication of the controversy." F.R.Civ.P. 23(b)(3).

For all of the reasons stated, plaintiffs' Motion for Class Action Certification will be GRANTED.

---

11. For the most recent analysis of the reliance question, see, *Sharp v. Coopers & Lybrand,* 70 F.R.D. 544 (E.D.Pa.1976) (per Lord, III, Ch. J.).

12. We do not, however have the benefit of a written brief from defendant, Taylor.

13. Whether or not the named plaintiffs have a cause of action against the defendants is beyond the scope of our ruling. It is enough that plaintiffs are members of and will adequately represent the class as to the common questions for which class action treatment is appropriate. For as stated in *Dolgow v. Anderson,* 43 F.R.D. 472 (E.D.N.Y.1968) at 490–491:

"The common issues need not be dispositive of the entire litigation. The fact that questions peculiar to each individual member of the class may remain after the common ques-

tions have been resolved does not dictate the conclusion that a class action is not permissible. . . .

"If plaintiffs prevail on the common issues, the court—with close cooperation from counsel for both sides—should have little difficulty developing equitable procedures, appropriate to the circumstances, to dispose of any individual issues."

*LaMar v. H & B Novelty & Loan Company,* 489 F.2d 461 (9th Cir. 1973) does not compel a contrary conclusion. Cf. *Haas v. Pittsburgh National Bank,* 526 F.2d 1083 (3d Cir. 1975) at footnotes 15 and 18. The court in *LaMar* recognized an exception to its holding in a case involving a conspiracy. 489 F.2d at 466; *Haas,* supra, 526 F.2d at 1095, footnote 15.