**DELCO WIRE AND CABLE CO.**

v.

**KEYSTONE ROOFING CO. et al.**

**Civ. A. No. 77–627.**

United States District Court,
E. D. Pennsylvania.

Sept. 27, 1978.

James Lewis Griffith and E. Parry Warner, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for Reflecto-Barrier Sales Co.

Nino V. Tinari, Philadelphia, Pa., for Keystone Roofing Co., for defendant.

## OPINION

POLLAK, District Judge.

In February, 1977, plaintiff, Delco Wire and Cable, Inc., a Pennsylvania corporation, instituted this diversity action against Keystone Roofing Company, a New Jersey corporation. The thrust of the complaint was that defendant had been engaged as a roofing contractor to install a roof on plaintiff's building at Keystone Industrial Park in Bristol, Pennsylvania, and that defendant had botched the job, to plaintiff's substantial loss. The averments of the complaint most particularly relevant to the motions now before the Court are these:

5. On March 5, 1976, the aforesaid property owned by plaintiff sustained substantial damage to its roof from the northwest corner to the southeast corner of same.

6. The occurrence referred to in paragraph 5 hereof and resulting damage to plaintiff's property was caused by the negligence, carelessness and negligent omissions of defendant in:

a) constructing, erecting and installing a defectively designed roof when it knew or should have known that such defects subjected the property of plaintiff to an unreasonable risk of harm by reason of wind;

b) constructing, erecting and maintaining the roof of plaintiff's premises in a defective and negligent fashion, and particularly failing to properly and adequately fasten insulation panels to the metal roof deck and negligently or improperly applying insufficient glue or mastic to insure that the insulation panels would adhere to the metal roof deck;

On April 6, 1977, defendant filed its answer. On the same day, defendant filed complaints against two third-party defendants, as defendant was entitled to do as of right under Federal Rule of Civil Procedure 14(a) within ten days after serving its answer. And some six weeks later, defendant moved, pursuant to Rule 24(a) of the Rules of this Court, to join an additional third-party defendant. Rule 24(a) provides as follows:

A motion by a defendant for leave to bring in a third-party defendant under F.R.Civ.P. 14(a) shall be made within six (6) months from the date of service of the moving defendant's answer to the complaint.

Defendant's motion to add an additional third-party defendant was granted.

In August, 1978, sixteen months after filing its answer, defendant moved for leave to add a further third-party defendant, Reflecto-Barrier Sales Co., Inc. According to the proposed third-party complaint, Reflecto-Barrier is a Connecticut corporation which manufactured and delivered to defendant the adhesive utilized by it "in securing the insulation to the metal decking for the roof over the premises" of plaintiff's building. The adhesive, so defendant alleges, "was defective and unreasonably inadequate by reason of the fact that due to defective manufacture, the adhesive . . . failed to properly secure the insulation to the metal decking over the roof of the premises above named. . ."

Reflecto-Barrier has asked this Court to deny defendant's motion to add it as a third-party defendant. Also asserting that defendant's "motion comes so late and is so lacking in substance as to be frivolous," Reflecto-Barrier asks that counsel fees and costs in the sum of $500 be assessed against defendant.

As the foregoing scenario makes plain, defendant's current motion to add Reflecto-Barrier as a third-party defendant comes sixteen months after the filing of defendant's answer. This is approximately ten months beyond the six-month grace period contemplated by Local Rule 24(a) as a discretionary enlargement of the ten days following the filing of an answer during which Federal Rule 14(a) permits the addition of third-party defendants as a matter of right.

In *Goodman v. Neff,* 251 F.Supp. 562, 564 (E.D.Pa.1966), the late Judge John W. Lord, Jr. explained the practice prevailing in this Court as follows:

> During the six months, and following the initial ten days, the practice in this District is to grant leave to file a third-party complaint, absent a strong showing why leave should not be granted. In effect, during the six month period, the burden of persuasion is on the party who would oppose the filing of the third-party complaint.

When the six months have elapsed, Local Rule [24(a)] would seem, by its terms, to bar third-party complaints regardless of circumstances. As has been said, the cases have not construed it literally. The Rule is, however, interpreted to have the effect of placing the burden of justifying a tardy third-party complaint on the defendant who would file it.

Judge Lord's opinion continues to be the leading discussion in this District (see *Kubik v. Goldfield,* 61 F.R.D. 572 [E.D.Pa. 1974]) and, indeed, has given guidance elsewhere. See *State Mutual Life Assur. Co. v. Arthur Andersen & Co.,* 65 F.R.D. 518 (S.D. N.Y.1975).

It is evident from the cases in this District that in determining the justification for motions to add third-party defendants after the six month period, the excusability of defendant's delay in moving has not been the only factor to which attention has been addressed. There has been consideration of potential prejudice to the plaintiff and also to the proposed third-party defendant, and "whether the addition of the third-party complaint will avoid circuity of action and settle related matters in one suit," *Benetz v. Photon,* 24 F.R.Serv.2d 57 (E.D.Pa.1976), or will unduly complicate the trial of the matter.

Whether the defendant bears the burden of persuasion with respect to all of these issues is not clear from the cases. But in any event, the defendant bears that burden with respect to the excusability of the defendant's own delay—and in the present instance that is a burden which the defendant cannot sustain: Defendant seems to suggest that the question of the quality of the adhesive supplied by Reflecto-Barrier could not have been identified as an issue in the case prior to January 27, 1978 when, according to paragraph 9 of defendant's motion, "the plaintiffs [sic] theory of liability, cold adhesive securement of insulation to metal decking was presented at depositions. . . ." But this seems hard to square with the fairly specific language of paragraph 6(b) of the complaint ("failing to properly and adequately fasten

insulation panels to the metal roof deck and negligently or improperly applying insufficient glue or mastic to insure that the insulation panels would adhere to the metal roof deck"). In any event, more than six months elapsed after the January 27, 1978 depositions before defendant moved to add Reflecto-Barrier as a third-party defendant.

Under the circumstances, I conclude that defendant has moved in unduly dilatory fashion.

Had it been otherwise—i. e., had defendant sought to introduce Reflecto-Barrier as a third-party defendant within six months after the filing of defendant's answer—I do not think the introduction of defendant's claim against Reflecto-Barrier would have unduly complicated the trial. Moreover, I am not entirely convinced that serious prejudice would accrue to Reflecto-Barrier now if it were to be added as a third-party defendant at this late stage of the pre-trial preparation of the case: Of course Reflecto-Barrier would be significantly inconvenienced, but whether that inconvenience would rise to the level of a substantial litigation handicap seems to me a matter of conjecture. To be sure, it is arguable that in the application of our Rule 24(a), "at least after the passage of six months, there is in the first instance no burden on the party-to-be-joined to show prejudice— whatever may be his burden within the six month period." *Goodman v. Neff, supra.* But I prefer not to rest my decision on that proposition.

In my view, defendant's unwarranted delay in moving to introduce Reflecto-Barrier as an additional third-party defendant is, without more, sufficient ground for denying defendant's motion. To grant the motion would almost certainly add many months to this already unduly protracted litigation. Nor does the fact that plaintiff has not seen fit to challenge defendant's motion lead me to think that defendant's delay should be overlooked. The Court has an independent interest in the expeditious movement of its docket.

Accordingly, I will deny defendant Keystone's motion for leave to file a third-party complaint against Reflecto-Barrier. But, since I do not regard defendant's motion as "frivolous," I also deny Reflecto-Barrier's motion for costs and counsel fees. It is so ordered.