Harry A. CAPLEN and/or National Products Co., a corporation, and/or National Fixtures and/or Louis and Sophie Caplen, Harry A. Caplen, Trustee and/or H. J. N. Corp.

and

W. F. Dougherty & Sons, Inc., Plaintiffs,

v.

Raymond Wilson STURGE and Black Sea and Baltic General Insurance Company Limited of London, Defendant and Third-Party Plaintiff,

v.

PIONEER OIL COMPANY, Third-Party Defendant and Fourth-Party Plaintiff,

v.

MARYLAND CASUALTY COMPANY, Fourth-Party Defendant.

Civ. A. No. 29644.

United States District Court
E. D. Pennsylvania.

Feb. 5, 1964.

---

David S. Malis, Malis, Malis & Malis, Philadelphia Pa., for plaintiff.

Joseph B. Erwin, John B. Martin, Philadelphia, Pa., for Raymond Wilson Sturge & Black Sea & Baltic Gen. Ins. Co. Ltd. of London.

Joseph L. McGlynn, Jr., Blank, Rudenko, Klaus & Rome, Philadelphia, Pa., for third-party defendant, Pioneer Oil Co.

Joseph Head, Swartz, Campbell & Detweiler, Philadelphia, Pa., for Maryland Cas. Co.

KIRKPATRICK, District Judge.

(1)

The defendant, some 22 months after filing its answer, moved to join Pioneer Oil Company as third party defendant in this action. Leave was granted on September 18, 1963, and the third party complaint was served on September 30, 1963. On October 15, 1963, the third party filed its answer and demanded a jury trial, and on October 23, 1963, it sought and obtained leave to join Maryland Casualty Company as a fourth party defendant. The present motion was filed on November 22, 1963, nine days after the fourth party defendant had moved to vacate the order granting leave to join it.

The plaintiff has not objected to the lateness of the joinder of the third party defendant. It is true that the defendant did not comply with Rule 19(a) of this court requiring such motions to be made within six months after filing an answer, but, even if this rule is anything more than a guide for the discretion of the Court, the third party defendant in this action has completely waived any objections to its joinder by filing an answer demanding a jury trial, and joining a fourth party defendant. The motion of the third party defendant is, therefore, denied.

(2)

The only reason advanced for vacating the order joining the fourth party defendant is that its joinder will complicate the issues. This ground is not well taken. The pretrial or trial judge may order a severance of the trials or use a special verdict, or employ pretrial procedure to simplify the issues at the trial. I do not think that at this stage of the proceeding I am justified in vacating the joinder simply on the apprehension that the trial may be complicated. The motion is, therefore, denied.