Inez GILPIN
v.
Morris ABRAHAM
and
James Walls
and
Jennie M. Sherr, also known as
Jean Mellon.

Civ. A. No. 32308.

United States District Court
E. D. Pennsylvania.

June 11, 1964.

Jacoby & Maxmin, Bernstein, Bernstein, Levy & Harrison, Philadelphia, for plaintiff.

George P. Williams, III, Philadelphia, Pa., for Jennie M. Sherr.

Michael Shekmar, Leonard Orloff, Philadelphia, Pa., for James Walls.

John M. McNally, Jr., Philadelphia, Pa., for City of Philadelphia.

BODY, District Judge.

The matter before this Court is a motion by James Walls, defendant, for leave to join the City of Philadelphia as a third-party defendant under Rule 14 of the Federal Rules of Civil Procedure, and the suspension of the requirement of Local Rule 19(a), Rules of the United States District Court for the Eastern District of Pennsylvania.

Plaintiff, Inez Gilpin, a citizen of the State of New York, alleges in her complaint that while she was present on the premises, 4702 Hazel Avenue, Philadelphia, Pennsylvania, she fell and sustained injuries due to the collapse of a defective third-floor fire tower balcony. It is alleged that the aforesaid premises were in the possession and control of Jennie M. Sherr, defendant, from February 17, 1961 to June 21, 1962; and from June 21, 1962 James Walls, defendant, held title to these premises. Plaintiff also alleges

that her accident occurred on September 2, 1962, and that as of June 21, 1962 Morris Abraham, defendant, was the real owner of the said premises. However, on November 27, 1963, pursuant to a stipulation of all counsel in the case, the action against Morris Abraham, defendant, was dismissed.

After filing an answer to the complaint, James Walls was given leave to file a third-party complaint against Lester Harris and Barbara Harris, tenants, who were hosts of the plaintiff at the time of the accident. This action was initiated due to an indemnity clause contained in the lease between James Walls and Lester and Barbara Harris, the tenants.[1]

After an inspection of the premises on March 26, 1962 by James Gavarone, an inspector for the Department of Licenses and Inspections for the City of Philadelphia, a license for a multiple-occupancy dwelling was issued by the City. This license certified that the premises were maintained in accordance with the Philadelphia Housing Code. It must be noted at this time that in plaintiff's complaint no claim is made of a violation of the said code, and the averments in reference to the negligence of the several defendants merely alleged that these defendants knew, or had reason to know, that the metal supporters for the third floor fire tower balcony were defective.

Following the accident on September 2, 1962 a second inspection of the premises was made by one John Ventresca, another inspector for the Department of Licenses and Inspections for the City of Philadelphia. On October 23, 1963 John Ventresca was deposed, and on November 5, 1963 plaintiff deposed James Gavarone. Thereafter the defendant, James Walls, moved to join the City of Philadelphia as a third-party defendant. Notice of the motion was presented to the Court on November 20, 1963. However, since the

motion was made beyond the six month provision of Local Rule 19(a), my learned Brother, Judge John W. Lord, Jr. ruled that notice of the filing of the third-party complaint should be given to the City of Philadelphia. After such notice the motion now before this Court was opposed.

Local Rule 19(a) provides:

"A motion by a defendant for leave to bring in a third-party defendant under F.R.Civ.P. 14(a) shall be made within six (6) months from the date of service of the moving defendant's answer to the complaint."

In the instant case, the answer to the complaint was filed by the defendant on December 10, 1962 and the motion for joinder was filed on November 20, 1963. Thus defendant's motion for joinder is more than five months beyond the joinder period which is allowed under Local Rule 19(a).

■■ A reading of Local Rule 19(a) makes it appear that the six month period stated therein is a mandatory period. However, it must be noted that these rules were adopted by the Court to facilitate them in handling matters which were presented under Federal Rule 14. As is true under said Rule 14(a), whether third-party defendants may be joined and retained in an action is a matter addressed to the sound discretion of the Court. In the exercise of proper judicial discretion the judges of this Court have permitted a third-party action to be started more than six months after a defendant's answer to a complaint has been served. If the defendant is at no time dilatory or derelict, and no prejudice will resolve to the third-party defendant, the joinder will be permitted. See Frankel v. Alan Wood Steel Co., 31 F.R.D. 284 (E.D.Pa.1962, Judge Wood); Rodack v. National Development Co., C. A.No.31749 (E.D.Pa.Dec.1962, Judge John W. Lord, Jr.); McSparran v. Gable

---

1. See the opinion of my learned Brother, Judge Wood, who dismissed the third-party action against Lester Harris and Barbara Harris, 218 F.Supp. 414; and

the decision of the Court of Appeals for the Third Circuit filed March 12, 1964, 3 Cir., 328 F.2d 884.

v. Collins, 223 F.Supp. 127 (E.D.Pa.1963, Judge Grim); Caplen v. Sturge and Black Sea and Baltic General Insurance Co., Ltd. of London v. Pioneer Oil Co. v. Maryland Casualty Co., D.C., 35 F.R.D. 176 (E.D.Pa.1964, Judge Kirkpatrick).

The City of Philadelphia contends that this joinder would be improper because the defendant, as owner of the premises, who is primarily liable for the defective fire tower balcony, may not bring in as a third-party defendant, a municipality, which is at most only secondarily liable for failing to report the defect. However, defendant contends that no such allegation is made and no relationship involving primary and secondary liability can be found or indicated on the pleadings. Rule 14(a) of the Federal Rules of Civil Procedure permits a defendant to bring into an action a third-party defendant *"who is or may be liable to him"* for all or part of the plaintiff's claim. (Emphasis supplied) Thus, a defendant may bring in a third party who would necessarily be liable over to the defendant for all or part of the plaintiff's recovery whether by way of indemnity, subrogation, contribution, express or implied warranty, or otherwise. See 1A Barron and Holtzoff, Federal Practice and Procedure, § 426 at 664.

This Court does not decide the validity of defendant's contentions against the City of Philadelphia. This opinion is merely dispositive of the right of the defendant to bring in a third-party defendant as of this time. It is my opinion, from an examination of the record in this case, that the defendant has not been dilatory or derelict and that no prejudice will resolve to the third-party defendant upon the granting of this motion.

ORDER

And now, this eleventh day of June, 1964, it is ordered that the motion of James Walls, defendant, to join the City of Philadelphia as a third-party defendant be and the same is hereby granted.