William R. TURNER

v.

Rollin Lee JONES and Chetwynd, Inc.

v.

AMERICAN FORESTRY SERVICE CO.

and

Rosemont Construction Co.

Civ. A. No. 37085.

United States District Court
E. D. Pennsylvania.

Sept. 6, 1966.

John W. Frazier, for plaintiff.
Harry A. Short, Philadelphia, Pa., for defendant Jones.

Lynn L. Detweiler, Philadelphia, Pa., for defendant Chetwynd.

Joseph B. Erwin, Philadelphia, Pa., for third-party defendant American Forestry.

Philip E. Berens, Philadelphia, Pa., for third-party defendant Rosemont.

MEMORANDUM AND ORDER SUR PETITION OF THIRD-PARTY DEFENDANT, JOHN HOWARD, ETC., FOR RECONSIDERATION OF ORDER OF OCTOBER 13, 1965 (Document 20)

VAN DUSEN, District Judge.

At Motion Court on October 13, 1965, defendant Jones (hereinafter called defendant) [1] was permitted to join the third-party defendants even though six months from the date the defendant had filed his answer on February 18, 1965 (Document 6) was August 18, 1965. The Motion Judge made clear by the October 13, 1965, order (Document 9) that the six-month period prescribed in Local Rule 19 was not being applied because "Investigation leading to discovery of necessity for these [third-party] actions [was] not accomplished until 8/9/65, which justifies nonapplication of 6 months rule." It would be unreasonable to expect an attorney to file a Motion during the month of August within nine days of discovering a possible third-party action. The delay in presenting the Motion until October was not unreasonable in view of summer vacation schedules. Third-party plaintiff had sustained the burden imposed on him.

1. Defendant Chetwynd, Inc. has made clear by the attached letter of August 18 that it has no interest in this Petition.

See Goodman v. Neff, 251 F.Supp. 562 (E.D.Pa.1966).

■ Third-party defendants have presented no affidavits, depositions or similar documents to disprove the statements made to the Motion Judge on October 13, 1965 (see transcript filed as Document 23). Allowance of the joinder in October 1965 would not delay [2] the pretrial conference or the trial and did not violate the purpose of Local Rule 19. As stated in Gilpin v. Abraham, 231 F. Supp. 511, 512 (E.D.Pa.1964):

> "If the defendant is at no time dilatory or derelict, and no prejudice will resolve to the third-party defendant, the joinder will be permitted." [Citing several decisions of this court.]

It is also noted that although third-party defendants were served in November and entered their appearances in December, they never raised any objection to the October 13, 1965, order until January 31, 1966 (Document 15).[3]

The foregoing makes unnecessary a discussion of the contentions raised at pages 3 and 4 of the brief of defendant (Document 25). The brief of third-party defendant has been filed as Document 24. Both briefs are excellent.

### ORDER

And now, September 6, 1966, it is ordered that the petition of third-party defendant John Howard, t/a American Forestry Service Company, for reconsideration of an order granting leave to join American Forestry Service as third-party defendant (Document 20) is denied.

2. No unreasonable delay in discovery had resulted from this delay from August 18 to October 13.

3. The language of F.R.Civ.P. 59(e) and Local Rule 34(a) contemplates that any

application to modify an order of this court be made within 10 days of receipt of notice of the order and counsel for third-party defendants concede that they knew of this order over a month prior to January 31.