**Margaretta Conderman CARTER**
v.
**ANIKA MANUFACTURING CORP., Defendant and Third-Party Plaintiff,**
and
**Joseph Bancroft & Sons Co., Indian Head, Inc. and E. I. duPont deNemours & Co., Defendants,**
v.
**Dennis HUMMELL and Joan Hummell and Maxwell Industries, Inc., Third-Party Defendants.**
**Civ. A. No. 69–1758.**

United States District Court,
E. D. Pennsylvania.
Jan. 8, 1971.

Wm. S. Ayres, Duane, Morris & Heckscher, Philadelphia, Pa., for plaintiff.

A. Grant Sprecher, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for Anika Manufacturing Co.

Peter P. Liebert, Liebert, Harvey, Herting, Short & Lavin, Philadelphia, Pa., for Joseph Bancroft and Indian Head.

K. Robert Conrad, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for E. I. duPont deNemours & Co.

Howard R. Detweiler, Detweiler, Sherr & Hughes, Philadelphia, Pa., for the Hummells.

## OPINION AND ORDER

WOOD, District Judge.

Presently before the Court is the motion of Maxwell Industries, Inc., (Maxwell) to vacate our order granting leave to Anika Manufacturing Corp. (Anika) to institute a third-party complaint against Maxwell and to dismiss the third-party complaint.

This cause of action was instituted by Mrs. Margaretta Conderman Carter on July 10, 1969, for injuries sustained when her dress ignited at a dinner party. She sued four defendants, including Anika who was alleged to be the manufacturer of the dress. Anika filed an answer to plaintiff's complaint on October 20, 1969. On October 15, 1970, it moved for leave to join Maxwell as a third-party defendant, alleging that Maxwell manufactured the cloth which was made into plaintiff's dress. We granted the motion which was unopposed.

As support for its motion to vacate our Order Maxwell argues that the joinder is untimely under Local Rule 24 and that it will be prejudiced by being joined at this time after extensive discovery has already been obtained.

For reasons hereinafter stated, we conclude that joinder of Maxwell as a third-party defendant is proper, and that the motion to vacate our Order permitting said joinder must be denied.

Local Rule 24 provides that a defendant's motion for leave to bring in a third-party defendant shall be made within six months from the date of service of the moving defendant's answer to the complaint. This Rule does not, however, impose a mandatory time limit. If the defendant is at no time dilatory or derelict, and no prejudice will resolve to the third-party defendant, the joinder

will be permitted. Gilpin v. Abraham, 231 F.Supp. 511 (E.D.Pa.1964).

■ While Anika's motion to join Maxwell as a third-party defendant came approximately one year after it filed its answer to plaintiff's complaint, we are satisfied that it has not been dilatory or derelict. It was not until Anika learned of the existence of a remnant of plaintiff's dress and was able to obtain possession of it that an investigation could be conducted as to the identity of the manufacturer. Anika moved to join Maxwell as a third-party defendant approximately one month after receiving the above-mentioned piece of cloth. Accordingly, we do not believe that Anika acted dilatorily in seeking to join Maxwell when it did.

Maxwell's contention that it will be prejudiced by the joinder because it will not be able to make full use of pre-trial discovery does not impress us since full discovery is available in this matter.

### ORDER

And now, this 8th day of January, 1971, it is ordered that the motion of Maxwell Industries, Inc., to vacate the Order of October 22, 1970, granting leave to join Maxwell Industries, Inc., as a third-party defendant is denied.

It is further ordered that the motion to dismiss the third-party complaint is denied.