Nelson W. **THOMPSON**

v.

**PHILLIPS EQUIPMENT AND SUPPLY COMPANY**

v.

**BISHMAN MANUFACTURING COMPANY.**

Civ. A. No. 69–1029.

United States District Court, E. D. Pennsylvania.

June 23, 1971.

Sirott & Hahn, Bristol, Pa., Francis X. O'Brien, Philadelphia, Pa., for third-party plaintiff.

Howard Detwiler, Philadelphia, Pa., for third-party defendant.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

This is an action for personal injuries by an employee against the defendant who sold a certain Bishman electric and air tire changer to plaintiff's employer. The defendant contends that it is merely a middleman seller and that if the plaintiff was injured as alleged, the Bishman Manufacturing Company, who designed and manufactured the machine in question, is alone liable to the plaintiff or liable over to the defendant or liable for contribution to the defendant. The defendant sought leave to add Bishman Manufacturing Co. as a third-party defendant and to serve the summons and complaint on the Secretary of the Commonwealth of Pennsylvania. On April 14, 1971, this Court granted defendant's motion. After receiving the complaint the third-party defendant made this present motion to strike the third-party joinder on the basis that it was made too late.

Rule 14(a) of the Federal Rules of Civil Procedure provides in part that "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." If the defendant does not serve the third-party complaint within ten days after he serves his original answer he must obtain leave to make the service. The propriety of joinder after the ten day period is within the discretion of the District Court Judge and this Court has promulgated Local Rule 24(a) as a guide to the Court in exercising that discretion. Local Rule 24(a) provides that: "[a] motion by a defendant for leave to bring in a third-party defendant under F.R.Civ.P. 14(a) shall be made within six (6) months from the date of service of the moving defendant's answer to the complaint." Since the instant motion to join was docketed on April 14, 1971, almost nineteen (19) months after the defendant answered the plaintiff's complaint (September 23, 1969) and almost thirteen (13) months beyond the six month guide provided by our Local Rule, the narrow issue presently before the Court is whether the Court should follow the general rule or allow the untimely joinder.

The law is well settled that the moving defendant has the burden of showing special circumstances which would excuse this delay. Goodman v. Neff, 251 F.Supp. 562 (E.D.Pa.1966); Raymond v. West Africa Navigation, Ltd., 3 F.R.Serv. 2d, 14a.132 Case #1 (E.D.Pa.1960). The Court should only exercise its discretion so as to allow a late joinder where justice requires it. Mere inadvertence or carelessness is not a sufficient reason. Graeff v. Borough of Rockledge, 35 F.R.D. 178 (E.D.Pa. 1964). An important factor which the Court must consider is whether the late joinder would result in prejudice to either the parties or the Court.

A proper consideration of the possible prejudice of allowing the late joinder includes the Court's interest in the orderly process of the case on its calendar. The Court finds this to be particularly relevant in light of the backlog of cases pending in most courts and which has been a frequent topic of concern and criticism by all. In this case it was not until this suit was listed in the Court's trial pool that the defendant sought

leave to add the third-party defendant. At the request of counsel the Court removed this case from the trial pool pending this motion and therefore the failure to comply with Local Rule 24 has already resulted in the delay of this case from reaching trial in its ordinary course. The accident occurred on July 18, 1968, and the suit was filed over two years ago on May 8, 1969. To allow joinder at this time would certainly delay trial further and the Court is not willing to have this happen. Moreover, counsel for the prospective third-party defendant has asserted that his client would be prejudiced by such a late joinder. It is undoubtedly true that counsel has been, at least to some degree, prejudiced by his inability to participate in the pretrial discovery, including the deposition of the plaintiff, which has already taken place. It is also true that if the Court allows this late joinder the manufacturing company must attempt to reconstruct the accident at a time much further removed from the accident than would have been the case if the rule had been complied with. It is clear that by encouraging early joinder the Local Rule was designed to minimize exactly this type of problem.

The Court wishes to note that the circumstances which have prompted Judges of this Court to allow a late joinder are not present in the instant case. For example, this is not a case where the party sought to be joined has already been joined by another defendant. McSparran v. Gable, 223 F.Supp. 127 (E.D.Pa.1963); Frankel v. Alan Wood Steel Co., 31 F.R.D. 284 (E.D.Pa.1962). Nor has the prospective third-party defendant waived his right to object to the late joinder by waiting several months after notice to file an objection, Turner v. Jones, 42 F.R.D. 38 (E.D.Pa.1966), or participating in the suit by filing an answer and moving to join a fourth-party defendant. Caplen v. Sturge, 35 F.R.D. 176 (E.D.Pa.1964).

 Since the Court finds that the moving defendant has not met its burden of showing that it was "at no time dilatory or derelict, and no prejudice will resolve to the third-party defendant. * * *" Gilpin v. Abraham, 231 F. Supp. 511, 512 (E.D.Pa.1964), we will grant Bishman Manufacturing Company's motion to strike the defendant's third-party joinder.