Irwin M. JUDD et al.

v.

**GENERAL MOTORS CORPORATION.**

No. 74–822 Civil.

United States District Court,
M. D. Pennsylvania.

Oct. 25, 1974.

S. Regen Ginsburg, Philadelphia, Pa., Thomas J. Foley, Jr., Scranton, Pa., for plaintiffs.

Liebert, Short, FitzPatrick & Lavin, Philadelphia, Pa., Irwin Schneider, Scranton, Pa., for defendant.

## MEMORANDUM AND ORDER

NEALON, District Judge.

■  Presently at issue in this suit is the defendant's motion to sever, under Rule 21, Fed.R.Civ.P., the claims of Irwin and Ethel Judd from that of Jack Judd, and to join, under Rule 14(a), Fed.R.Civ.P., the former two plaintiffs as third-party defendants in the action. The suit arises out of an automobile accident in which Jack and Irwin Judd were passengers in a vehicle owned by Irwin Judd and operated by Ethel Judd. At present, the suit names General Motors Corporation as the sole defendant, and asserts liability on the basis of strict liability and/or negligence.[1]  Defendant in turn claims that the accident at issue was caused by the negligence of plaintiffs Irwin and Ethel Judd. Its motion to sever the claims of those two plaintiffs and to join them as third-party defendants was filed within six months from the date of service of its answer to the complaint, and was thus timely under the applicable local rule.[2]

Plaintiffs resist defendant's motion on three grounds: (1) Rule 14(a) does not permit the impleading of persons already parties to the action; (2) severance and joinder are inappropriate because the complaint and the third-party complaint rest on two different theories of liability; and (3) severance and joinder in this case will create circuity of action and undue complication.  A discussion of each ground follows.

1. Plaintiffs seem to be asserting defendant's liability on either or both of the two theories. Although the complaint alleges that "(d)èfendant negligently designed manufactured, and assembled said automobile . . . (,)" plaintiffs' brief in opposition to the instant motion states that the case "is essentially a products liability suit under Section 402(a) of the Restatement, Second, Torts." The precise nature of the theory under which liability is asserted, however, does not affect the resolution of the particular motion at issue here.  See infra.

2. This suit was transferred, pursuant to agreement of counsel, from the Eastern District of Pennsylvania on September 10, 1974. As the motion to sever and join was filed on August 20, 1974, its timeliness is determined according to Local Rule 24 of the Eastern District. That rule appears to be substantially the same as the corresponding rule of this district, Rule 301.04(a).

■ Plaintiffs are correct in their characterization of Rule 14(a) as explicitly referring to "a person not a party to the action" in describing those who may be joined as third-party defendants. That provision, however, particularly in the Third Circuit, has not been construed in such a manner as to preclude severance and joinder, and in several situations third-party claims against persons already parties to the action have been permitted. See generally 3 Moore's Federal Practice Para. 14.14. A common situation in which such a third-party claim has been permitted is the situation presented here, that is, one in which two or more plaintiffs join in a suit and the defendant wishes to implead one of them as third-party defendant to the other's claim. The leading case in which a third-party claim was permitted in such a situation is Sporia v. Pennsylvania Greyhound Lines, 143 F.2d 105 (3d Cir. 1944), a case also involving a highway accident, in which a driver and his passenger joined as co-plaintiffs against the owner of the other vehicle. The court permitted the severance of the plaintiffs' claims and the joinder of the driver-plaintiff as a third-party defendant to the claim of the passenger-plaintiff. The court noted that Rule 21 permits the court to exercise its discretion to allow a severance, and that, since, after severance, the third-party defendant would not be a party to the action, joinder under Rule 14(a) would then be proper. The *Sporia* approach has been consistently followed by the courts in this circuit,[3] and has been recently reaffirmed by the Court of Appeals in Stahl v. Ohio River Co., 424 F.2d 52 (3d Cir. 1970). As there is nothing in the facts of this case to distinguish it materially from the *Sporia* case, I hold that the wording of Rule 14(a) is not a bar to joining Irwin and Ethel Judd as third-party defendants in this case.

■■ Plaintiffs next argue that severance and joinder are inappropriate because the complaint and the third-party complaint rest on two different theories of liability, strict liability under Section 402(a) of the Restatement, Second, Torts, and negligence. At the outset, I note that there does not seem to be the complete disparity in theories of liability between the complaint and the third-party complaint that plaintiffs urge is present here.[4] Even assuming that such disparity exists, however, it would not be a ground for disallowing the defendant's motion. Rule 14(a) provides that a defendant may join as a third-party defendant a person "who is or may be liable to him for all or part of the plaintiff's claim against him." The rule has been liberally interpreted to allow third-party claims to be asserted even though they do not allege the same cause of action or the same theory of liability as the original complaint. 3 Moore's Federal Practice Para. 14.07(1). As the court in American Fidelity & Casualty Co. v. Greyhound Corp., 232 F.2d 89, 92 (5th Cir. 1956) stated:

> "It is settled that impleader under Rule 14(a) does not require an identity of claims, or even that the claims rest on the same theory. Otherwise the purposes of the Rule would be defeated. Plainly, if the theories differ, the facts supporting each will differ, and the question is what degree of difference will be allowed in the facts relied upon. In answering this question, the purposes of the Rule, including the desire to avoid circuity of actions and to obtain consistent results, must be balanced against any prejudice which the impleaded party might suffer, and these considerations are left to the discretion of the trial court."

Accordingly, the mere fact that the complaint and the third-party complaint as-

---

3. See, e. g., Smith v. Brown, 17 F.R.D. 39 (M.D.Pa.1955); Zutt v. Blatt, 13 F.R.D. 3 (E.D.Pa.1952); and Campbell v. Meadow Gold Products Co., 52 F.R.D. 165 (E.D.Pa. 1971).

4. See n. 1, supra.

sert different theories of liability is not a ground for denying the defendant's motion.[5]

 Plaintiffs' final contention, that allowance of defendant's motion will result in circuity of action and undue complexity, brings me to a consideration of the merits of defendant's motion. Joinder of a third-party defendant under Rule 14(a) is not automatic, and rests within the discretion of the court. 3 Moore's Federal Practice Para. 14.05. Among the factors to be considered in determining whether to permit the joinder of a third-party defendant are the timeliness of the motion to join, whether the third-party complaint would introduce an unrelated controversy or would unduly complicate the case to the prejudice of the plaintiff, and whether the addition of the third-party complaint would avoid circuity of action and settle related matters in one lawsuit. Id. As already mentioned, the motion at issue here was filed in a timely fashion. Moreover, the third-party complaint will not introduce an unrelated controversy, as the negligence of two of the plaintiffs could possibly constitute a defense to plaintiffs' action, see Ferraro v. Ford Motor Co., 423 Pa. 324, 223 A.2d 746 (1966), and it could also be relevant to the question of what was the legal cause of the accident. Plaintiffs have not pointed out any specific manner in which they will be prejudiced by the allowance of defendant's motion. Finally, contrary to plaintiffs' contention, allowance of the motion could avoid circuity of action by eliminating the necessity of another suit, by General Motors Corporation against Irwin and Ethel Judd, in the event that General Motors Corporation were held to be liable in the present case without severance and joinder. In sum, the relevant factors are in favor of permitting the joinder of the persons sought to be brought in as third-party defendants. Accordingly, defendants' motion will be granted.

---

5. See also Chamberlain v. Carborundum Company, 485 F.2d 31 (3d Cir. 1973), a diversity case in which a third-party complaint based on negligence had been permitted by the lower court even though the original complaint was based on Section 402(a), Restatement, Second, Torts. Although the court did not analyze the question in terms of the appropriateness of the third-party complaint in those circumstances, it did uphold the entry of judgment against the defendant and the third-party defendant (the effect of which was to enforce in favor of the defendant a duty of contribution by the third party defendant) in the context of addressing and affirmatively answering the question whether Pennsylvania law would permit contribution from a negligent user of a product, even though the liability of the original defendant was based on Section 402(a) of the Restatement and that of the third-party defendant was based on negligence.