Edward JAGIELSKI

v.

**PACKAGE MACHINE COMPANY, Reed Prentice, jointly and severally, Poole Engineering Company, Inc., Cacoosing Industries, Inc., jointly and severally.**

Civ. A. No. 80–0405.

United States District Court,
E. D. Pennsylvania.

Dec. 21, 1981.

Ronald I. Rosenstein, Norristown, Pa., for plaintiff.

Paul R. Brady, III, Philadelphia, Pa., for Package Mach.

David M. Kosloff, Wyomissing, Pa., for Poole Eng.

John F. McElvenny, Philadelphia, Pa., for Cacoosing Industries.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Defendant, Package Machine Co. (PMC), moves the Court for an order pursuant to Fed.R.Civ.P. 14(a) to bring in William H. Schlegel, Inc. (Schlegel) as a third-party defendant. In support of its motion PMC, the manufacturer of the machine which allegedly injured plaintiff, argues that recent discovery shows that Schlegel carelessly maintained and altered the machine. Additionally, since Schlegel is the owner of defendant Poole Engineering Co., Inc. (Poole), it knew of the suit since its inception. Consequently, PMC urges that neither Schlegel nor Poole will be prejudiced by the addition of Schlegel as a third-party defendant. Poole and co-defendant Cacoosing Industries, Inc. (Cacoosing) resist the motion on the twin theories that they will be prejudiced by Schlegel's addition and that PMC's motion, filed eighteen months after their answers to plaintiff's complaint, is untimely. *See* Local R.Civ.P. 22(a).

Fed.R.Civ.P. 14(a) allows joinder of third parties "at any time". However, where a defendant fails to file the third-party action within ten days after service of his answer, he must first obtain leave of court. Local Rule 22(a), effective August 1, 1980, instructs in pertinent part that applications to join third parties beyond the ten-day period

> will ordinarily be denied as untimely unless filed not more than ninety (90) days after service of the moving party's answer.

Importantly, the case at bar was filed in January, 1980, approximately seven months prior to the adoption of the above rule. *See* Local R.Civ.P. 1 ("these rules shall become effective on the 1st day of August, 1980"). Hence, our inquiry regarding the timely nature of PMC's application is guided by the rule which was in effect when PMC filed its answer to plaintiff's complaint. Former Local R.Civ.P. 24(a), which governed the time within which motions for joinder had to be made, mandated that such motions be made "within six (6) months from the date of service of the moving defendant's answer to the complaint."

The rule's interpretation and application are clear. Defendants moving to join third parties bear the burden of showing "special circumstances [to] ... excuse ... [the] delay." *Thompson v. Phillips Equipment and Supply Co.*, 53 F.R.D. 91, 92 (E.D.Pa.1971). Additionally, "mere inadvertence or carelessness" is an insufficient basis for allowing late joinder; "prejudice to other party or the court" will also defeat such a motion. *Id. See also, Delco Wire & Cable Co. v. Keystone Roofing Co.*, 80 F.R.D. 428, 429, 431 (E.D.Pa.1978); *Oberholtzer v. Scranton*, 59 F.R.D. 572 (E.D.Pa. 1973). An additional ground for denial is the failure to exercise "reasonable diligence" in ascertaining the identity of potential third-party defendants. *Carter v. Anika Manufacturing Corp.*, 321 F.Supp. 197, 199 (E.D.Pa.1971). However, where a defendant, exercising due diligence, learns of the existence of a possible third party and seasonably moves for joinder, the motion will be granted notwithstanding the fact that the motion is made a year after defendant answers plaintiff's complaint.

*Id.* Moreover, a sixteen-month delay is excusable where defendant sought two medical opinions before charging a doctor with the "serious" allegation of medical malpractice. *Zielinski v. Zappala*, 470 F.Supp. 351, 353 (E.D.Pa.1979).

▇▇ The rule which we glean from these cases is that motions for joinder filed after the six-month period turn on the reason for the delay, the degree of prejudice which will accrue to the third party or the court if joinder is permitted and whether the principal action will be unduly delayed by the untimely joinder. Finally, decisions under Fed.R.Civ.P. 14(a) are committed to the Court's discretion. *Judd v. General Motors*, 65 F.R.D. 612, 615 (M.D.Pa.1975).

▇▇ In the case at bar, PMC asserts that it only recently learned that Schlegel personnel may have been involved in "bastardiz[ing]", i.e., substantially changing, the allegedly defective machine. PMC gained this knowledge on August 16, 1981, during a deposition of Mr. Schlegel. PMC argues that it should not be penalized for not pursuing a more aggressive discovery schedule, and learning this information earlier, since it asserts that depositions of plaintiff and Schlegel were repeatedly cancelled at the request of their respective counsel. In fact, PMC states that it attempted to depose plaintiff in mid-August 1980, but did not do so, in an effort to accommodate opposing counsel. Additionally, and for like reasons, Mr. Schlegel's deposition, originally scheduled for March, 1981, was continued four times at Poole's request. Accordingly, we believe that PMC has not been dilatory or derelict in pursuing this matter.

The next subject of inquiry is whether the joinder will prejudice any party to the litigation or the Court. Poole and Cacoosing both generally assert prejudice by the proposed untimely joinder. However, we do not believe that Poole may properly raise that issue now since PMC forebore from taking some discovery at Poole's request. Also, since Poole is owned by Schlegel, it does not appear that Schlegel will suffer prejudice by the late joinder since it was undoubtedly aware of this litigation since its incipiency. Moreover, Cacoosing's bald assertion of prejudice is insufficient to warrant denial of the motion.

In considering whether the principal case will be delayed or complicated by the joinder, we recognize that some degree of delay will result from *any* joinder. However, we do not believe that the case will be *unduly* delayed, nor do we anticipate that the third-party action will make the case too difficult for a jury to understand. *Cf., Oberholtzer v. Scranton*, 59 F.R.D. at 576 ("[T]o ask twelve jurors to follow the main action along with the third-party action would almost be impossible.")

Accordingly, we will enter an order granting PMC's motion for leave to file a third-party complaint against William H. Schlegel, Inc.