Nafez AFIF

v.

RMI COMPANY

v.

TEXTILE CHEMICAL COMPANY.

Civ. A. No. 80–1037.

United States District Court,
E. D. Pennsylvania.

Jan. 26, 1982.

Richard Abraham, Philadelphia, Pa., for plaintiff.

Joseph P. Green, Robert S. Forster, Philadelphia, Pa., for RMI Co.

Morton F. Daller, Philadelphia, Pa., for Textile Chemical Co.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In January 1979, while working at Fair-Tex Mills, a chemical solution of sodium peroxide which plaintiff's complaint identified as "Solozone", exploded causing injuries to plaintiff for which he seeks damages. Defendant, RMI Company (RMI) which allegedly sold the defective product to plaintiff's employer, joined, pursuant to Fed.R. Civ.P. 14(a), Textile Chemicals, Inc. (Textile) asserting that Textile actually supplied the RMI product to Fair-Tex Mills. Textile, moving to dismiss the third-party complaint, argues that it was filed seventeen months after defendant's answer to the complaint, is untimely and must be dismissed. We disagree.

Normally, Local R.Civ.P. 22 governs the time within which motions under Fed.R. Civ.P. 14(a) must be made. The local rule, effective August 1, 1981, instructs that leave to join additional parties will "ordinarily be denied as untimely unless filed not more than ninety (90) days after service of the moving party's answer." Here, defendant's answer to plaintiff's complaint was filed on May 30, 1980, two months before the above-quoted local rule became effective. On the date that defendant filed its answer, former Local R.Civ.P. 24(a) was in effect, it mandated that motions to join

third parties be made "within six (6) months from the date of service of the moving defendant's answer to the complaint".

Under the former rule, defendants seeking untimely joinder bear the burden of showing "special circumstances [to] ... excuse ... [the] delay." *Thompson v. Phillips Equipment and Supply Co.*, 53 F.R.D. 91, 92 (E.D.Pa.1971). Moreover, "mere inadvertence or carelessness" provide an insufficient basis for allowing a late joinder; "prejudice to the other party or the court" will also defeat the motion. *Id. See also, Delco Wire & Cable Co. v. Keystone Roofing Co.*, 80 F.R.D. 428, 429, 431 (E.D.Pa.1978); *Oberholtzer v. Scranton*, 59 F.R.D. 572 (E.D.Pa. 1973). Finally, failure to exercise "reasonable diligence" in ascertaining the identity of potential third-party defendants will result in denial of the motion. *Carter v. Anika Manufacturing Corp.*, 321 F.Supp. 197, 199 (E.D.Pa.1971). However, where a defendant, exercising due diligence, learns of the existence of a possible third party and seasonably moves for joinder, the motion will be granted notwithstanding the fact that the motion is made a year after defendant answers plaintiff's complaint. *Id.* The rule which we distill from these cases is that motions for joinder filed after the six-month period "turn on the reason for the delay, the degree of prejudice which will accrue to the third party or the court if joinder is permitted and whether the principal action will be unduly delayed by the untimely joinder". *Jagielski v. Package Machine Co.*, No. 80–405, 93 F.R.D. 431, at 433 (E.D.Pa. December 21, 1981). Finally, decisions under Fed.R.Civ.P. 14(a) are committed to the Court's discretion. *Judd v. General Motors*, 65 F.R.D. 612, 615 (M.D. Pa.1975).

In the case at bar, RMI asserts that plaintiff's identification of the defective product as "Solozone", in the complaint, led it to believe that the offending product was manufactured by DuPont. This belief was premised upon the fact that DuPont has registered "Solozone" as the tradename of its sodium peroxide product. Further, plaintiff's Workmen's Compensation rec-

ords, which RMI seasonably subpoenaed, also referred to the injury-causing product as "Solozone". Hence, RMI asserts, its early discovery was premised on the theory that DuPont, rather than it, manufactured the product which allegedly caused plaintiff's injuries. In fact, RMI asseverates that it had intended to seek summary judgment on this ground. As discovery continued, however, RMI learned that Textile, which sold the "Solozone" to plaintiff's employer, *formerly* purchased the product from DuPont. When Textile switched to the RMI sodium peroxide product, they continued to refer to it, mistakenly, as "Solozone". Shortly after RMI learned that it had, in fact, sold the product to Textile which allegedly caused plaintiff's injuries, it moved under Rule 14.

Accordingly, we conclude that RMI has proceeded with due diligence in ascertaining the existence and identity of Textile as a third-party defendant. True, RMI has known for sometime that Textile distributed its product. This fact alone may frequently give rise to an immediate joinder. However, plaintiff's complaint stated that a DuPont, rather than an RMI, product caused plaintiff's injuries. Under these circumstances, and consistent with the obligations imposed by Fed.R.Civ.P. 11, RMI properly pursued a strategy designed to extricate itself from further litigation, rather than to implicate a third party which *it did not believe* was properly liable under a third-party theory. To deny joinder under these circumstances would require parties to move for joinder of all potential third-party defendants absent an adequate factual or legal basis. The result would inevitably be the proliferation of early, and perhaps unwarranted, joinder of multiple defendants. Hence, we conclude that plaintiff has exercised due diligence in pursuing this matter notwithstanding the intervening months.

The next subject of inquiry is whether joinder will prejudice either party or the Court. The primary prejudice which Textile asserts it will suffer by reason of its joinder accrues by virtue of a discovery

cut-off date established by the Magistrate. This date will be extended to provide Textile with sufficient time within which to complete all of its discovery. Hence, we perceive no prejudice to the parties by virtue of the late joinder. Finally, the case is not currently listed in our trial pool and not yet ready for trial. As such, the Court is not prejudiced by the late joinder.

An appropriate order will be entered denying Textile's motion to dismiss the third-party complaint and extending the time within which all discovery must be completed.