Roy James SAUNDERS, et al., Plaintiffs,

v.

JIM EMES PETROLEUM COMPANY, INC., a West Virginia corporation, Defendant.

Russell M. FENTON, et al., Plaintiffs,

v.

JIM EMES PETROLEUM COMPANY, Barbara G. Emes, Martin Derouin, and Janis Derouin, Defendants.

Civ. A. Nos. 82–2057, 82–2068.

United States District Court, W.D. Pennsylvania.

Oct. 24, 1983.

William C. Kaczynski, Pittsburgh, Pa., for plaintiffs in No. 82–2057.

Robert Campedel, Clairton, Pa., for plaintiffs in No. 82–2068.

Robert H. Lang, Pittsburgh, Pa., Robert J. Garshak, Homestead, Pa., for defendants Jim Emes and Barbara Emes.

Yaier Y. Lehrer, Pittsburgh, Pa., for Martin and Janis Derouin.

## MEMORANDUM OPINION

BLOCH, District Judge.

This action is a consolidation of two complex securities cases. In the first action, Civil Action No. 82–2057, 24 individual plaintiffs (12 couples) sue defendant Jim Emes Petroleum Company, Inc. (hereinafter referred to as "Jim Emes"), pursuant to the Securities Act of 1933, 15 U.S.C. § 77a, et seq., the Securities Exchange Act of 1934, 15 U.S.C. § 78a, et seq., the Pennsylvania Securities Act of 1972, 70 P.S. § 1–101, et seq., and common law.[1] The plaintiffs claim that they were induced into vesting in the exploration and production of natural gas and oil in West Virginia by the defendant's fraudulent misrepresentations concerning certain sites for the development of mineral resources. Plaintiffs assert that they would not have entered into these investments if it had not been for the false representations. On this basis, plaintiffs seek recission of the investment contracts, return of all funds paid to the defendant, an award of punitive damages, and reasonable attorney's fees and costs of suit. In the second action, Civil Action No. 82–2068, three more individual plaintiffs sue Jim Emes and three individual defendants on the same basis as alleged in Civil Action No. 82–2057. These plaintiffs assert that they were also allegedly duped into investing in the exploration and production of natural gas and oil by false and intentional misrepresentations made by the defendants. These three plaintiffs seek the amount of their investment, plus interests, costs, reasonable attorney's fees, and punitive damages for the intentional misrepresentations.

Defendant Jim Emes has filed a motion for leave to file a third-party complaint in both actions. For the reasons set forth below, the motion is denied.

Before commencing with the discussion of the merits of defendant's motion, the Court deems it necessary to summarize the motion and the contents of the proposed third-party complaint, which is attached to the motion. A discussion of the motion and the contents of the complaint will facilitate and enhance an understanding of the Court's decision.

Defendant's motion first sets forth a brief procedural history of the case. The motion then goes on to state that, at all pertinent times, defendant Jim Emes relied upon the advice of a West Virginia attorney named Gary Rymer (hereinafter referred to as "Rymer"). According to the motion, Rymer advised defendant Jim Emes, and its agents, that the activities of defendant Jim Emes were exempt from the provisions of the federal securities laws and that the securities laws were not applicable to defendant Jim Emes' business. In the motion, defendant Jim Emes emphasizes that it denies any liability in this action and further denies any violation of federal law, but, in the alternative, avers that if it is determined that defendant Jim Emes has violated any provision of the

---

1. The plaintiffs invoke the pendent jurisdiction of this Court for the consideration of those claims arising under state law and deriving from the same facts and circumstances as the federal law claims.

securities laws, then Rymer is liable to defendant Jim Emes by virtue of the alleged improper advice that he gave to said defendant. Finally, the motion states that the granting of the motion would prevent a multiplicity of law suits.

As stated, defendant Jim Emes has also attached a proposed third-party complaint to the motion. The proposed third-party complaint names Rymer as the third-party defendant in two counts. Count I asserts that, to the extent that it may be determined that defendant/third-party plaintiff Jim Emes is liable to the plaintiffs, third-party defendant Rymer is liable to Jim Emes based on his negligence in advising Jim Emes concerning the applicability of the securities laws. Count II also asserts a claim for indemnity against the same third-party defendant based on a breach of contract and warranties in connection with the legal services performed by third-party defendant Rymer for Jim Emes.

■■■ The Court now turns to the merits of the motion. The important provision for purposes of joinder of third-party defendants is Fed.R.Civ.P. 14(a), which provides in pertinent part as follows:

(a) *When Defendant May Bring in Third Party.* At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action.[2]

The purpose of Rule 14 is to avoid "circuity of action" and to settle related matters in one litigation. *Tiesler v. Martin Paint Stores, Inc.,* 76 F.R.D. 640, 642 (E.D.Pa. 1977); *Stiber v. United States,* 60 F.R.D. 668, 670 (E.D.Pa.1973). However, it should be noted that joinder of third-party defendants under Rule 14 is not automatic; rather, the decision to permit joinder rests with the sound discretion of the trial court. *Judd v. General Motors Corp.,* 65 F.R.D. 612, 615 (M.D.Pa.1974); *National Fire Insurance Co. of Hartford v. Daniel J. Keating Co.,* 35 F.R.D. 137, 140 (W.D.Pa.1964).[3] One court within this circuit has set forth considerations to be addressed by a court in exercising its discretion under Rule 14(a). Those considerations are as follows: (1) the timeliness of the motion; (2) whether the filing of the third-party complaint will introduce an unrelated controversy or will unduly complicate the case to the prejudice of the plaintiff; and (3) whether the third-party complaint will avoid circuity of action and settle related matters in one law suit. *Judd,* 65 F.R.D. at 615. This Court finds these considerations helpful and now reviews defendant Jim Emes' motion in light of them. First, the Court finds that the motion was not timely filed. These cases were instituted in October of 1982. Discovery was scheduled to close in these cases in June of 1983, and extended twice by the Court, with the most recent Order extending discovery until September 6, 1983. Defendant Jim Emes did not file its motion for leave to file the third-party complaint until September 20, 1983, almost one year after the filing of the complaint. It should be noted that the original complaints[4] filed in both actions alleged violations of the federal securities laws, which

---

**2.** More than ten days passed between the filing of defendant's answer (docket entry No. 47 filed on August 15, 1983) and the filing of the motion for leave to file a third-party complaint (docket entry No. 59 filed on September 20, 1983); therefore, defendant Jim Emes must obtain leave of Court in order to file the third-party complaint.

**3.** In this case, counsel for plaintiffs in both cases indicated by letter to the Court that they

have no objection to defendant's motion, but, in accordance with the law cited in the text, this does not mean that the motion should be automatically granted. Rather, the Court must view the motion in light of the appropriate considerations, which it does *infra.*

**4.** The Court refers to these complaints as the original complaints because amended complaints were subsequently filed in both actions.

should have caused defendant to join Rymer on the basis that it now asserts shortly after the filing of the original complaints in 1982.[5] Moreover, the granting of the motion would necessitate a third extension of discovery in this matter and serve to unduly prolong a trial of the case.

Second, the Court must consider whether the filing of the third-party complaint would introduce an unrelated controversy or unduly complicate the case to the prejudice of the plaintiffs. Although the third-party claim arises out of the same general set of facts as the main claims, the Court finds that it (the third-party claim) serves to introduce an entirely separate and independent claim to the case. The motion and proposed third-party complaint do not contend that Rymer was involved, in any way, with the investments made by the plaintiffs. Rather, the motion and proposed third-party complaint assert that Rymer gave defendant Jim Emes improper advice in connection with his business. This is a separate and distinct claim and controversy from that asserted by plaintiffs' claims in this action. Moreover, the addition of this claim would serve to unduly complicate the case to the prejudice of the plaintiffs. That is, the case is a complicated securities case, which contains numerous causes of action, and the proposed third-party complaint would serve to add one further cause of action to this already complex matter.

Third, the proposed third-party complaint may serve to avoid circuity of action and settle related matters in one law suit, but that factor is outweighed by the other two considerations noted above.

■ One other district court in this circuit has set forth considerations for a trial court to utilize in determining whether to permit joinder of third-party defendants. In *Stiber*, 60 F.R.D. at 671, the United States District Court for the Eastern District of Pennsylvania stated that joinder is proper if the evidence and witnesses with respect to the third-party complaint will be substantially the same as the evidence in plaintiff's complaint and if common questions of law are involved in both the plaintiff's claim and the third-party claim. Again, reviewing the case at hand in light of these considerations, the Court believes that joinder is not proper. Since the third-party claim arises out of negligence and breach of warranties in connection with the provision of legal services, as opposed to the plaintiffs' claims which assert fraud and a violation of federal and state securities laws, the evidence and witnesses in connection with the third-party claim will obviously be substantially different from the plaintiffs' claims. Moreover, due to the aforementioned differences in claims, the Court does not find common questions of law involved in both the plaintiffs' claims and the third-party claim.

In sum, the Court, after applying the established tests, finds that joinder under Rule 14(a) is not proper in this case. An appropriate Order will be issued.

---

**5.** Defendant should attempt to establish special circumstances to excuse the delay in filing the motion, which it has not done here, and mere inadvertence or carelessness is not a sufficient basis to excuse the delay. *See Afif v. RMI Co.,* 93 F.R.D. 429, 430 (E.D.Pa.1982).