**FUEL TRANSPORTATION COMPANY, INC.**

v.

**FIREMAN'S FUND INSURANCE COMPANY OF NEWARK, N.J.**

v.

**Gabriel SCIPIONE and Naomi Johnson, Admx. of the Estate of Steven Johnson, and State Farm Mutual Automobile Insurance Company.**

Civ. A. No. 85–2449.

United States District Court,
E.D. Pennsylvania.

Nov. 12, 1985.

Alfred Francis Shea, Cornwells Heights, Pa., for plaintiff.

Edwin L. Scherlis, Philadelphia, Pa., for Fireman's Fund Ins. Co. of Newark, N.J.

Fredric D. Rubin, Newtown, Pa., for Gabriel Scipione and Naomi Johnson, Admx. of the Estate of Steven Johnson, and State Farm Mut. Auto. Ins. Co.

## OPINION

LUONGO, Chief Judge.

Plaintiff brought this action to recover from its liability insurer the costs of cleaning up a gasoline spill. Defendant, Fireman's Fund Insurance Company of Newark, New Jersey (Fireman's), has filed a third-party complaint against the individuals allegedly responsible for the spill and against their insurer, State Farm Mutual Automobile Insurance Company (State Farm). The named third-party defendants have moved to join other potentially liable parties.

The issue before me is whether the third-party complaints are appropriate under Fed.R.Civ.P. 14(a). For the reasons stated below, I will permit certain third-party claims against State Farm and Gabriel Scipione. The remaining allegations against Scipione and those against Naomi Johnson, administratrix of the estate of Steven Johnson, will be stricken. The motion to join additional third-party defendants will be denied.

On December 28, 1984 a tank trailer owned by plaintiff Fuel Transportation Company (F.T.C.) was involved in a multi-vehicle accident on the Pennsylvania Turnpike. Steven Johnson was using a tractor owned by Gabriel Scipione to haul the trailer. As a result of the accident, Johnson was killed and the gasoline stored in the tank trailer spilled onto the roadway and the surrounding area. Plaintiff claims to have incurred substantial losses in cleaning up the spill and asserts that further expenditures will be necessary to complete the cleanup operation. In this action, plaintiff seeks reimbursement for its losses under an insurance policy issued by Fireman's.

Fireman's has filed a third-party complaint on the ground that it has subrogation rights against Scipione, Johnson and State Farm. Under the contract between Scipione and F.T.C., Scipione was obligated to maintain insurance in his own name and that of F.T.C. on the vehicles used to haul F.T.C.'s trailers. Scipione procured an insurance policy from State Farm. According to defendant, plaintiff should be covered by that policy for the expenses of cleaning up the gasoline. If plaintiff is not a named insured, Scipione is liable for those expenses under his contract with plaintiff. Defendant also contends that since Johnson, acting as Scipione's agent, was responsible for the accident, Johnson's estate and Scipione are liable for the cleanup costs. Defendant asserts that if it is held liable to plaintiff it will be subrogated to plaintiff's rights against third parties, and that it is therefore entitled to join those parties in the present action.

◼ Rule 14(a) provides that a defendant may file a third-party complaint against any person "not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." An insurer may assert subrogation rights in a third-party complaint. *General Accident Insurance Co. v. Fidelity & Deposit Co.*, 598 F.Supp. 1223, 1248 (E.D.Pa.1984). The decision whether to permit joinder in a particular case, however, is committed to the discretion of the district court. *Bike v. American Motors Corp.*, 101 F.R.D. 77, 78 (E.D.Pa.1984). Considerations which a court should address in exercising its discretion include: (1) whether the issue of joinder was timely raised; (2) whether the third-party complaint would introduce an unrelated controversy or unduly complicate the case; and (3) whether the third-party complaint involves related issues which should be settled in one lawsuit. *Saunders v. Jim Emes Petroleum Co.*, 101 F.R.D. 405, 407 (W.D.Pa.1983); *Collins v. General Motors Corp.*, 101 F.R.D. 4, 6 (W.D.Pa. 1983).

◼ Applying these considerations to the case before me, I conclude that joinder of State Farm is appropriate. There is no question that the third-party complaint, which Fireman's filed the day after its answer, was timely. Plaintiff and defendant agree that the joinder of State Farm will not unduly complicate the case. Both the primary complaint and the third-party claim against State Farm center on whether F.T. C.'s losses are covered by insurance. The insurance companies have raised issues concerning whether their policies apply and, if so, how liability should be apportioned. If State Farm is a party, all issues relating to plaintiff's insurance coverage can be resolved in one lawsuit.

◼ Fireman's also seeks to implead Scipione and Johnson's estate. To the extent the third-party complaint is based on breach of the contract between plaintiff and Scipione, I will permit it to stand. If plaintiff is not covered by the State Farm policy, Scipione may have breached his agreement to procure insurance. Pennsylvania law provides that one who breaches such a contract may be held liable as an insurer. *See, e.g., Hagan Lumber Co. v. Duryea School District*, 277 Pa. 345, 121 A. 107 (1923); *Valley Industrial Trucks, Inc. v. R.D. Werner Co.*, 64 Pa.D. & C.2d 363, 364 (C.P. Mercer County 1973). The contractual claim against Scipione is closely related to that against State Farm. Joinder of Scipione will facilitate resolution of the insurance coverage issues without creating undue complications.

◼ I will not, however, permit the remaining third-party claims against Scipione and Johnson's estate to stand. These claims introduce the issue of fault and, in my view, will unduly complicate the case. F.T.C.'s complaint and the third-party claims regarding insurance coverage involve relatively straightforward contract questions. Plaintiff alleges that Pennsylvania authorities required it to clean up the gasoline not because it was at fault but as a matter of public policy. Plaintiff's memorandum of law on the issue of joinder

asserts that Fireman's and State Farm [1] are contractually obligated to cover plaintiff's losses, regardless of who caused the accident.

I recognize that an insurance company is normally permitted to implead those allegedly responsible for its insured's losses. *See, e.g., Banks Tower Communications v. Home Insurance Co.*, 590 F.Supp. 1038 (E.D.Pa.1984). In this case, however, injection of the fault issue will serve to complicate and delay matters without significantly advancing the interests of judicial efficiency. Determination of who was at fault will necessitate a complex factual inquiry and the joinder of additional parties. Fireman's places responsibility for the accident on Johnson. Johnson's estate, Scipione and State Farm contend that Pennsylvania State Trooper Regina Berian was responsible, and seek to join Berian, the Commonwealth of Pennsylvania and several state agencies. These additional allegations go far beyond the scope of the original complaint.

I conclude that the interests of justice will best be served if this lawsuit is confined to the contractual issues of insurance coverage. I will therefore strike all third-party claims against Johnson's estate. The portion of the third-party complaint which seeks to impose vicarious liability on Scipione for Johnson's alleged negligence will also be stricken. Because fault will not be at issue in this lawsuit, I will deny the motion of Scipione, Naomi Johnson and State Farm to join additional third-party defendants.